## KEATH v. PATTON.

1. A bill of exceptions must be explicit in setting out the necessary facts to shew the error; and the Court will not intend that there were other facts proved than those stated.
2. *Semble.* That trover lies to recover back the value of property paid under a parol contract for the sale of land, such contract being void.

THIS was an action of trover brought by Gabriel Keath, against Robert Patton, in the Circuit Court of Morgan county. The plaintiff declared against the defendant, for the conversion of five horses, of the value of $333 33. At April term, 1827, a trial was had on the plea of not guilty, and a verdict was found for the defendant. On the trial, the plaintiff tendered a bill of exceptions, which was sealed, and is in the following words: "Be it remembered, that on the trial of this cause, the plaintiff proved, that he and the defendant made a parol contract in the State of Kentucky, for the sale of land by the defendant to the plaintiff; and that the plaintiff paid over to the defendant horses, under said parol contract, for and in consideration thereof. Upon this evidence, the Court instructed the jury, that the plaintiff could not recover in the form of action adopted by him; to which opinion the plaintiff excepts," &c. The matter of this bill of exception is the error assigned by the plaintiff in this Court.

THORNTON, for the appellant. The principle was decided in the case of *Allen v. Booker,*[a] that *money* paid on a Ante page 21 a parol contract for land, may be recovered back in assumpsit: therefore, if *property* has been paid on such a contract, detinue lies for it, or trover for its value. I readily admit, that to support either of those actions, there must necessarily be proof of a demand of the money, or of the property paid; for although it be true that the contract is void, and that either party has the right to declare it so, yet, it would be unjust to permit the party who chooses to declare it a nullity, to put the other to the costs of a suit in assumpsit for money paid, or by an action of trover or detinue, where property was paid, to make the vendor a purchaser of the property paid, contrary to his intention; which would be the consequence of allowing the purchaser of the land to sue for either without a previous demand of restitution. But I resist the idea that a demand must be

made of the *land*, or of a *conveyance* of it; for it would be idle to demand that, which under the statute, I could refuse to receive even if tendered; for the whole contract is *void*, at the option of either party. The want of explicitness in the bill of exceptions seems to be the only difficulty. It is evident that if it be considered that the bill of exceptions contains *all* the evidence offered, there is no error; and the charge, that the action cannot be sustained, would be maintainable; for I have admitted that a demand is necessary; and even the want of proof of the "value of the horses," under such a construction, would be a sufficient objection to a recovery. But in drawing the bill of exceptions, there was no attempt made to set out the evidence; it was drawn solely to bring to the view of the Court so much of the proof as was necessary to present the point on which the decision below turned.[a] It is true, that in the Court below, there was an objection made for the want of a demand of a conveyance of the land, and also a contest as to whether the statute of limitations of the place of contracting, or the place of trial, should govern; yet the counsel for the appellant felt assured, that the main question was, whether the payment of horses by the plaintiff, on the parol contract for the land, was such a part performance as would take the contract out of the statute of frauds. The opinion of the Judge who presided below, appeared to be, as understood by the counsel, that the plaintiff by bill in chancery could compel a conveyance of the land, and therefore that in this "form of action," no recovery could be had at all. This was the only point which it was intended to present for revision; and such would naturally be the form of a bill of exceptions, when it was only intended to present the question, whether property paid under a parol contract for land could be recovered back under the statute of frauds and perjuries, as if no contract had been made; the proper rule being to swell the record no more than is absolutely necessary to shew the point reserved. I am aware that a bill of exceptions is a part of the record below, and cannot be amended here, but it certainly must be *construed* here; and even if doubtful, the Court would always rather incline to such construction as would leave the matter open for further proof, than by an affirmance conclude the case forever from further examination. Had the question been settled that a recovery was possible in such an action, and the objection relied on, been, that there was no demand of the property, the defendant should have caused it to ap-

JULY 1820.

Keath
v.
Patton.

*a* Ante p 26.

JULY 1829.

Keath
v.
Patton.

a 1 Marsh. 23.

pear that there was no such evidence; and have raised the objection for his own benefit. The very phraseology of the bill of exceptions would seem, when closely examined, sufficiently to shew, that our construction is correct; for it may well be implied without repugnance to the expressions of the bill of exceptions, that the Judge was of opinion that the bill in chancery was the proper remedy, and the only one; but it excludes the idea of any scarcity of proof actually made which induced the charge, for had there been a deficiency or want of proof of demand, it would have affected the right of recovery in that particular action, but this could have had no influence on the right to recover in the form of action adopted; and the charge of the Court is emphatically, that a recovery could not be had under any circumstances, in the form of action adopted by the plaintiff: proof of a demand of the property, land, or deed, could not in anywise affect the question, as far as the *"form of the action"* was concerned.[a]

CLAY and M'CLUNG, for the defendant.

By JUDGE COLLIER. The only inquiry presented to the Court, is, whether trover is maintainable upon the facts on the record. To sustain that action, it is necessary for the plaintiff to prove a property in himself, and a right to the possession, at the time of the conversion by the defendant; a conversion by the defendant; and that the chattel alleged to have been converted was of some value. Neither of these essentials seem to have been proven on the trial. If therefore the testimony recited in the bill of exceptions be exclusive, it is clear that the instructions of the Court were correct.

It is argued, however, by the counsel for the plaintiff, that all the evidence given on the trial, cannot be supposed to be spread upon the record; and that consistently with the facts there stated, the Court may inquire whether the statute of frauds does not prevent a parol contract for the sale of lands from acquiring any validity, and authorize the purchaser, to recover from the seller, the consideration which may have been paid him on the footing of such contract. The language employed negatives the idea that other testimony than that recited was offered: it is set out with some precision, and the opinion of the Court seems to have been predicated upon it. In the instructions, nothing is said by the Court in relation to the statute of

frauds, or whether the payment by the plaintiff prevented <span>JULY 1829.</span> its operation: but the only point which appears to have suggested itself to the Court was, whether the plaintiff's evidence entitled him to a recovery.

<span>Keath v. Patton.</span>

The plaintiff might without a previous demand and refusal to deliver the horses, have recovered in detinue, if the defendant had refused to perform his contract; unless the defendant had already converted them; and the Court may perhaps have had in view that form of action, when it says the one adopted is not sustainable. If the formal requisites in this action had been satisfied by proof on the trial, the judgment would be reversed upon the authority of the case of *Allen v. Booker,*[a] decided at this *a* Ante p. 21. term; but the principle decided in that case is not presented by the exceptions for adjudication here. The Court is therefore constrained to affirm the judgment.

Judgment affirmed.

Judge Taylor dissenting.

Judge Saffold presided below, and did not sit.