Updike *v.* Armstrong.

LEVI UPDIKE, appellant, *v.* WILLIAM ARMSTRONG, appellee.

*Appeal from Kane.*

Where a cause was submitted to the Court for trial, and a jury waived, and the judge took it under advisement, until the next term of the Court, and, in the meantime, resigned, and another judge was appointed in his place: *Held*, that it was proper for the new judge to try the cause, when it was reached in its order on the docket.

All causes undisposed of, upon the docket of a Circuit Court, in which no order for a continuance is entered, are continued by operation of law, to the next term, by the adjournment of the Court.

A party cannot assign for error the refusal of the Court to give certain instructions, unless he excepts, at the time, to the decision of the Court in refusing to give the instructions.

A parol agreement for the sale of land is within the statute of frauds, unless the consideration money is paid, and the vendee has taken possession of the land, and made valuable improvements thereon. But a vendee cannot recover the value of property sold and delivered in consideration of such an agreement, in an action of assumpsit. He must resort to his action of replevin, or trover and conversion.

.THIS cause was heard in the Court below at the August term,

(1) 1 Story's Eq. 616.

1842, before the Hon. John Dean Caton and a jury. A verdict was rendered for the plaintiff for $95. A motion for a new trial was made and overruled, and judgment rendered upon the verdict. The defendant appealed to this Court, and assigned for error the instructions given by the Court, and the refusal of the Court to grant a new trial, and to give the instructions asked for by him.

B. F. FRIDLEY, for the appellant, cited 6 Wend. 13 ; 4 Vesey, Jr., 720; Fonb. Eq. 150 ; 2 Caines' Cas. 87 ; Thornton v. Heirs of Henry, 2 Scam. 218.

L. TRUMBULL, for the appellee :
At law a part performance will not take a parol agreement out of the statute. 2 Johns. 221.
Assumpsit will lie for the expenses incurred in such part performance. Kidder v. Hunt, 1 Pick. 328; 15 Johns. 502; 7 Cowen 92; 5 Wend. 204.

CATON, Justice, delivered the opinion of the Court:
This was an action of *assumpsit*, brought by Armstrong against Updike, in the Kane Circuit Court. The declaration contained only the usual common counts for goods sold and delivered, &c. The defendant pleaded the general issue, and gave notice that he would prove, on the trial, a setoff, and that the goods, wares, and merchandise, in the declaration mentioned, were sold and delivered to the defendant, in part payment for a farm.

At the September term, 1841, by the agreement of the parties, the cause was submitted to the Court for trial, and after hearing the testimony, the case was taken under advisement, but was never decided by the Court. At the August term, 1842, another judge presiding, the cause came on to be tried, the defendant objecting because it had been previously submitted to, and tried by the Court, but the objection was overruled, and the cause was tried by a jury, who found a verdict for the plaintiff. The overruling of this objection is one of the errors assigned.

The Court decided correctly in overruling the objection, and trying the cause. It was a case standing regularly on the docket, and undetermined, and it was the duty of the Court to try it when it was reached in its order on the docket. The Court, having heard it at a previous term, made no difference, unless he had decided it. Had the same judge presided, if he had doubts as to the weight of evidence, he might have ordered it to be again tried by a jury. It was objected that no order for a continuance, appears to have been entered. If any such order was necessary to continue the jurisdiction of the Court, we will presume that either a general or special order was entered. But no such order was indispensably necessary. If from any cause such an order be omitted, all

causes undisposed of are continued, by operation of law, till the next term, by the adjournment of the Court.

The bill of exceptions shows that it was proved on the trial, that the property in the declaration mentioned, and for which the plaintiff claimed to recover, was delivered by the plaintiff to the defendant, in part payment for a piece of land, in pursuance of a parol agreement for the sale thereof, by the defendant to the plaintiff. That in further pursuance of said agreement, the plaintiff went on to said land, and surveyed and staked it out. On the trial, the Court refused to give several instructions to the jury, which the defendant asked, but as no exception appears to have been taken to the decision of the Court in refusing these instructions, that refusal cannot now be assigned for error, although they involve substantially the same principles contained in the instructions given for the plaintiff, to which exceptions were taken.

The first instruction excepted to was that the parol agreement for the sale of the land, was within the statute of frauds, unless the consideration money was paid, and the vendee had taken possession of the land, and made valuable improvements thereon. This instruction was correct. Even a court of equity would not enforce a specific performance of a parol agreement for the sale of land, on the ground of part performance, where the acts of performance are less than those specified in this instruction. The second instruction was substantially the same as the first, with this addition, " And the plaintiff could rescind the contract from caprice, or at his will, and bring an action to recover the value of the property paid for the land in pursuance of such agreement." This instruction was incorrect. Even admitting that the plaintiff could recover, without a refusal, on the part of the defendant, to perform, or some other act indicating an intention on the part of the defendant to disavow, disaffirm, or repudiate the parol agreement, still he could not recover the value of the property in this form of action. He should have resorted to his action of replevin, or trover and conversion.

For this reason the judgment of the Court below is reversed with costs, and the cause remanded.

*Judgment reversed.*