## O. D. Leach v. John Ritzke.

1. FORCIBLE ENTRY AND DETAINER—*Vendor and Vendee.*—Where a vendee obtains possession under a written or verbal contract to purchase lands or tenements, fails to comply with his agreement, and withholds possession thereof after demand in writing by the person entitled to such possession, the action of forcible entry and detainer will lie at suit of the vendor for such possession.

2. SAME—*Contracts Void by the Statute of Frauds.*—A verbal contract within the condemnation of the statute of frauds can not be enforced in any way, either directly or indirectly, and can not be made either the ground of a demand or of a defense.

3. SAME—*A Summary Remedy.*—The action of forcible entry and detainer, as given by the statute, is a summary remedy in derogation of the common law, and the conditions and requirements of the statute in conferring jurisdiction must clearly exist to enable a party to invoke its aid.

4. STATUTE OF FRAUDS—*Does Not Apply to the Case at Bar.*—Where the defendant in an action of forcible entry and detainer does not set up verbal contract to defeat the action, and the plaintiff relies upon the defendant's obtaining possession under such a contract of purchase, and his failure to comply with it, as the ground of his right to recover, and is, therefore, compelled to establish such failure as one of the material facts to entitle him to recover, the statute of frauds ought not to be applied.

Forcible Entry and Detainer.—Appeal from the County Court of Macoupin County; the Hon. D. E. KEEFE, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

BELL & BURTON, attorneys for appellant.

PEEBLES & PEEBLES, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was on action of forcible detainer by O. D. Leach, the appellant, against John Ritzke, the appellee, commenced on March 20, 1899, before a justice of the peace in Macoupin county, to recover the possession of a farm in that county. There was a trial by jury before the justice, and a verdict and judgment rendered for Ritzke.

Leach appealed to the County Court of that county, where the case was again tried by jury, with the same result as before. Leach prosecutes an appeal to this court to reverse the last judgment, urging as grounds therefor that the verdict and judgment are against the evidence; the court improperly refused three of appellant's instructions; improperly modified another; and gave improper instructions.

The evidence shows that Ritzke obtained possession of the farm from Leach on March 6, 1898, under a contract to purchase the same at $4,250, paying $500 at the time, and agreeing to pay $1,000 thereafter, when Leach was to make him a deed therefor, and he was then to give Leach a mortgage securing the remaining $2,750 of the purchase price. On the trial, Leach and Ritzke were the only witnesses as to what the provisions of the contract of purchase were, and they both agreed to all of the provisions except one, which was as to *when* the $1,000 was agreed to be paid, Leach swearing it was to be paid between December 25, 1898, and January 1, 1899, while Ritzke swore it was agreed to be paid between January 1, 1899, and the summer following. Leach also testified that there was a written memorandum, embodying the terms of the contract of purchase, signed by himself and Ritzke, and left in the possession of Ritzke when the contract was made; and that he gave Ritzke notice to produce it at the trial, but he failed to do so.

Ritzke testified that no memorandum of the contract of purchase was made out and signed by him and Leach and left with him; therefore he could not produce it, as requested by Leach.

The evidence further shows that Leach, on March 10, 1899, made a formal written demand upon Ritzke for the immediate possession of the farm, which Ritzke failed to give; and that Ritzke had not paid the $1,000 of the purchase price of the farm. At the close of all the evidence, the plaintiff presented a written instruction to the court as follows, " The court instructs the jury to find the issues for

the plaintiff," with the request that the court give the same, but the court refused it.   An exception was taken, and that ruling of the court is assigned and urged as error, on the ground that if the testimony of Leach was believed, then he was entitled to recover under the express provisions of the fifth clause of Section 2 of our Forcible Entry and Detainer Act, which is as follows:

"When a vendee, having obtained possession under a written or verbal contract to purchase lands or tenements, and having failed to comply with his agreement, withholds possession thereof, after demand in writing by the person entitled to such possession."

And if the testimony of Ritzke was believed, then Leach was entitled to recover, because Ritzke was setting up a verbal contract within the condemnation of the statute of frauds, which he could not do under the rule "that a verbal contract within the condemnation of the statute of frauds can not be enforced in any way, either directly or indirectly, and can not be made either the ground of a demand or the ground of a defense."   Citing McGinnis v. Fernandes, 126 Ill. 228, and Wheeler v. Frankenthal & Bro., 78 Ill. 124.

That rule is a correct one, but, we think, ought not to be applied in the case at bar for the reason that the defendant, Ritzke, did not set up a verbal contract to defeat the plaintiff; but Leach relied upon Ritzke obtaining possession of the farm, under a contract of purchase, and his failure to comply with it, as the ground of his right to recover, and was therefore compelled to establish *such failure* as one of the material facts, to entitle him to recover in forcible detainer; for Ritzke was shown to be a vendee in possession under contract of purchase, and was entitled to retain the possession obtained under that contract, as against his vendor, in the summary action of forcible detainer, where the statute only gives the vendor the right to recover in that action, upon his showing *a failure* on the part of his vendee to comply with the terms of the agreement under which he obtained the possession.

The summary remedy the statute gives, and which the appellant here invokes, is "in derogation of the common

law, and it follows that the conditions and requirements that the statute prescribes in conferring jurisdiction must clearly exist" to enable a party to invoke its aid. (See Fitzgerald v. Quinn, 165 Ill. 354, and the cases there cited.)

Nor was the appellant, under the evidence, entitled to recover in forcible detainer under any other of the clauses of said section 2, because it conclusively appears that Ritzke obtained possession under a contract of purchase, and Leach must recover, if at all, by showing the failure of appellee to comply with his contract of purchase. Fitzgerald v. Quinn, 165 Ill. 354, *supra*, and Haskins et al. v. Haskins, 67 Ill. 446.

The appellee could defeat a recovery by the appellant if he could prove that the very contract of purchase under which he obtained possession, as claimed by appellant, gave him until the summer of 1899 to pay the $1,000 of the purchase price of the farm; for if that was a fact, then he (Ritzke) had not *failed to comply with that contract* by not paying the $1,000, when written demand for possession was made upon him, nor by not paying that amount before this suit was commenced.

If Leach has sued in ejectment, as was done in McGinnis v. Fernandes, 126 Ill. 228, then the title under which the parties held the farm would have been involved, and the rule therein announced and insisted upon being applied here, would have to be applied; or if the appellee was setting up some other contract than the one under which he obtained possession, and that other contract was within the condemnation of the statute of frauds, then that rule would also be applicable, as held under similar facts in the case of Wheeler v. Frankenthal & Bro., 78 Ill. 124.

The court therefore properly refused to give the peremptory instruction as requested; for appellee had the right to have the material and disputed question of fact, as to whether or not he had failed to comply with his contract of purchase, which arose on the trial, submitted to the jury for their determination.

The rulings of the court on the other instructions com-

plained of were holdings that the appellant, in order to recover, must prove, among other facts, that the appellee had failed to comply with his contract of purchase; all of which, in our opinion, were proper, for the reasons above given, and therefore in those rulings the court did not commit error.

Lastly, counsel for appellant insist that the verdict is contrary to the evidence, and for that reason the court erred in not setting it aside. We have carefully examined all the evidence, and after a full consideration thereof are compelled to say that we do not feel warranted in believing the jury and trial judge were mistaken in the conclusion they reached.

Finding, in this record, that the court committed no reversible error, we affirm the judgment. Judgment affirmed.