## E. C. Wentworth, surviving partner of Whiteside & Wentworth, v. S. A. Treat.

1. Appellate Court Practice—*Power of the Trial Court After the Term—Continuances.*—When a motion for a new trial is submitted without any statement in writing of the grounds relied upon, and without objection, objections are waived, can not be heard for the first time in the Appellate Court.

2. Practice—*Continuance of Motions in the Circuit Court.*—A motion entered in the Circuit Court and continued, retains the cause in court until such motion is disposed of.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed May 15, 1900.

Elmer H. Adams, attorney for appellant, contended that

when the term of court over which a judgment is rendered closes, the power of the court over the judgment is at an end; and this is true, notwithstanding the proceeding is an attachment and the case is continued on the docket after the judgment is rendered; and the judgment itself can not be attacked and set aside on the motion at a subsequent term, because it is deemed to be improperly rendered. Baldwin v. McClelland, 152 Ill. 42; McChesney v. City of Chicago, 161 Ill. 110; Kelly v. City of Chicago, 148 Ill. 92.

When a suit is dismissed the trial court has no authority to reinstate it if the term is over.   Windett v. Murphy, 50 Ill. App. 596; Schmidt v. Thomas, 33 Ill. App. 109.

A Circuit Court can not grant a motion to set aside a default at a term subsequent to the one at which it was entered.   Dunkelmann v. Brunnell, 44 Ill. App. 438.

In the absence of mistake or misprision, the court can not set aside a judgment entered by it at a former term. W. H. Maple v. Jennie Havenhill, 37 Ill. App. 311.

The court has no authority at a subsequent term to set aside a judgment rendered at a former term.

With the lapse of the term the court loses all jurisdiction to set aside judgments theretofore entered.   Becker v. Sauter, 89 Ill. 596.

Wm. E. Hughes, attorney for appellee.

When a motion for new trial is submitted without any statement in writing of the grounds therefor, and without any objection from the other side, the statement may be regarded as waived.   O. O. & Fox Riv. Val. R. R. Co. v. McMath, 91 Ill. 104.

The most serious contention of appellant is, that because a judgment was rendered at the February term the court had no power to grant the motion at the following June term.

If no motion had been made at the February term, 1899, to set aside the judgment, and such motion was not entered by the clerk and continued by the court for a hearing and final disposition, the contention would be good.   But if so made and continued and it stood for four years instead of

four months, the court at the end of four years would have the power to dispose of it.  On this point we cite :  Windett v. Hamilton, 52 Ill. 180; Hibbard v. Mueller, 86 Ill. 256; Hearson v. Graudine, 87 Ill. 115; People v. Gary, 105 Ill. 264; People v. Springer, 106 Ill. 542.

The simple entry of the motion of record at the February term, 1899, continued it by operation of law to the next term of court.  Revised Statutes, 1874, chapter 37, section 38.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant obtained a judgment against appellee at a February term of the Superior Court.  The next day, as appears from the record, " the defendant, by his attorney, enters his motion to set aside and vacate the judgment of February 10, 1899, which motion is hereby continued for hearing and final disposition."  At the June term following the judgment was set aside over the objection of appellant's attorney, and the cause reinstated upon terms, the court requiring appellee to pay appellant's costs to that date and a further sum to the latter's attorney.  A few days later the cause was called for trial again, and was then dismissed for want of prosecution, appellant's counsel refusing to proceed, upon the alleged ground that the order setting aside and vacating the judgment was void because the court had no jurisdiction at the June term over a judgment entered at the February term previous.

Although contending that no motion was made such as the law requires, counsel for appellant nevertheless concedes that a motion was in fact made to vacate the judgment at the February term at which said judgment was rendered.  Such motion was entered of record and continued for hearing and final disposition.  It does not appear that it was in writing, nor that any " points in writing " were filed in accordance with Sec. 57, Chap. 110, R. S.  But when a motion for a new trial is submitted, without any statement in writing of the grounds therefor, without objection, such objection is to be deemed waived, and can

not be heard for the first time in this court.   O. O. & Fox
R. Val. R. R. Co. v. McMath, 91 Ill. 104 (111).   The bill of
exceptions shows that appellee renewed his motion at the
next (March) term and filed affidavits in support thereof;
that the motion was renewed at the June term, and was
then heard and disposed of by the order vacating the judg-
ment.   The motion entered at the February term and the
order of court continuing it, retained the cause in court
until such motion was disposed of.   Windett v. Hamilton,
52 Ill. 180; Hibbard v. Mueller, 86 Ill. 256.   The statute
provides that all causes and proceedings pending and undis-
posed of at the end of a term shall stand continued to the
next term.   R. S., Chap. 37, Sec. 56.   The cause being
continued, the court retains jurisdiction.   Hearson v. Grau-
dine, 87 Ill. 115 (121).

The judgment had been obtained in the absence of appel-
lee's counsel, and the court seems to have regarded the
case as calling for the imposition of terms as a condition of
setting aside the verdict and granting a new trial.   We find
no evidence of any abuse of a proper judicial discretion.
The judgment of the Superior Court will be affirmed.