**Cecilia Miller et al., on appeal of Cecilia Miller, Appellant, v. Peter Miller, Appellee.**

**Gen. No. 25,309.**

CONTINUANCE, § 29*—*when cause is continued by operation of law.* A petition for rehearing in an equity case filed during the term in which the decree was rendered and thereafter, by order, continued to a specific date in the same term is continued to succeeding terms by operation of law under Hurd's Rev. St. ch. 37, sec. 21 (J. & A. ¶ 3019), where it was undisposed of at the end of the term in which it was filed.

THOMSON, J., dissenting.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Miller v. Miller, 219 Ill. App. 212.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS
G. WINDES, Judge, presiding.  Heard in the Branch Appellate Court
at the October term, 1919.  Reversed and remanded.  Opinion filed
October 6, 1920.

CANTWELL, SMITH & CANTWELL, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion
of the court.

On June 28, 1915, the complainants filed a bill of
complaint in the circuit court claiming that a certain
deed purporting to be executed by Michael Miller, the
husband of the complainant, Cecilia Miller, who died
intestate on October 16, 1914, was a forgery and claim-
ing that the complainant, Katherine Miller, owned a
half interest in certain real estate subject to the dower
of the complainant, Cecilia Miller, and praying for a
partition of said real estate between the complainants
on the one hand and the defendant, Peter Miller, on
the other.

The defendant demurred to the bill of complaint
and on January 3, 1916, his demurrer was overruled
and he was given leave to answer, and on January 12,
1916, filed his answer, in which he admitted that
Michael Miller, the husband of the complainant, Ce-
cilia Miller, died intestate on October 16, 1914, but
denying that the complainants or either of them had
any interest in the real estate mentioned in the bill
of complaint.  The answer further set up that Mich-
ael Miller and his wife, the complainant, Cecilia Miller,
on January 13, 1910, executed a warranty deed to the
property in question conveying a one-half interest in
the property in question to the defendant, and that,
therefore, the complainant is not entitled to the re-
lief prayed for.

On June 29, 1916, there was filed in the office of the
clerk of the court a stipulation by and between coun-

sel for the complainants and the defendant that the cause be continued generally and placed on the next chancery calendar of the circuit court of Cook county. A similar stipulation was filed on June 29, 1916, and on November 22, 1916, an order was entered dismissing the bill of complainant for want of prosecution.

On November 24, 1916, there was filed a stipulation signed by counsel for the parties and providing that the order dismissing the cause for want of prosecution should be vacated and set aside, and on the same day an order was entered vacating and setting aside, the prior order of dismissal.

On March 10, 1917, counsel for the complainants filed a notice, a copy of which had been served upon counsel for the defendant, that on March 10, 1917, they would ask that the cause be placed on trial at the earliest convenience of the court. On May 10, 1917, the chancellor, Hon. Thomas G. Windes, entered a decree in said cause. That decree recited that after a hearing and a consideration of proofs and argument of counsel it was adjudged that the document purported to be signed by Michael Miller and the complainant, Cecilia Miller, was a valid warranty deed and was delivered to Peter Miller as their free and voluntary act, and that complainants' bill is without equity and that it be accordingly dismissed.

On May 15, 1917, the solicitors for the complainants filed a notice, a copy of which had been served on O'Donnell & Toolen, the solicitors for the defendant, to the effect that they would appear before the chancellor, Hon. Thomas G. Windes, and ask leave to file a certain petition, a copy of which was attached, and ask that the disposition of the petition should be set down for May 19, 1917. On the same date the petition was filed. That set up, among other things, that the complainant, Cecilia Miller, being confident that she had not signed the deed in question, and being of the opinion that the signature of Michael Miller to

Miller v. Miller, 219 Ill. App. 212.

said document was not his signature, "and not believing that it would be testified to that she had signed any such document she proceeded with the trial of the said cause"; that she believes that if handwriting experts are produced they will testify that the signatures are not genuine; that in view of the fact that one of the complainants is a minor child the court should permit the introduction of additional evidence, to wit, that of handwriting experts; that she is ready and able to produce at least two handwriting experts and will agree to produce a third who may be named by the court. The petition prayed that the cause be set down for a rehearing on the question of admitting additional evidence.

On May 15, 1917, an order was entered reciting that the "complainants motion for a rehearing in the above entitled cause is hereby entered and continued until May 26, 1917, at 9:30 o'clock a. m." Upon that order appeared the following: "Entered 15th day of May, 1917, Thomas G. Windes, Judge. Entered. Judge."

On November 14, 1917, the solicitors for the complainants filed a notice, a copy of which had been served upon the solicitors for the defendant, reciting that they would appear before Judge Windes and ask that the petition for review be set down for hearing.

On December 11, 1917, a similar notice was filed stating that on Tuesday, December 11, 1917, they would ask Judge Windes to set the petition down for a hearing. Attached to the latter notice when it was filed was what purports to be an affidavit by one F. G. Smith.

On December 15, 1917, there was filed with the clerk of the court an affidavit by Patrick H. O'Donnell, one of the solicitors for the defendant. On December 15, 1917, a motion was filed by the solicitors for the complainants, which motion requested the court to set down complainants' petition for a rehearing of the decree.

On the same day an order was entered reciting that the court had lost jurisdiction of the petition and that the petition should be dismissed and that the complainants' motion to have petition set down for a hearing should be denied. That order is as follows:

"On motion of solicitors for complainants, their motion to have the petition heretofore filed herein by said complainants, asking for a rehearing of the above entitled cause, which said petition was filed at the same term of court as the decree heretofore entered herein, set down for hearing by said court, and this last said motion to have hearing on said petition set, now coming on for hearing, said defendant appearing by counsel, and the court having read the affidavits filed for and on behalf of both said complainants and said defendant, and arguments of counsel now being fully advised in the premises, FINDS that said petition for rehearing was filed at the same term of court at which the decree herein was entered, leave of court to file said petition having first been obtained; that hearing on the said petition was set for May 26th, 1916, the next term of this court, to-wit; the May term thereof, and the court further finds that on said last day and date said motion appeared on the contested motion calendar of said court, and was on said day and date by agreement of parties, continued one week to June 2nd, 1917.

"THE COURT FURTHER FINDS that on said June 2nd, 1917, said petition for rehearing appeared again on the contested motion calendar, and was again by agreement of counsel for both parties, passed one week to June 9th, 1917, on which said date, it was again continued by agreement to June 23rd, 1917, on which said last day and date it appeared on the contested motion calendar, which was in the June term of this court; that on said last day and date, it was again continued to July 7th, 1917.

"THE COURT FURTHER FINDS that all of said continuances were by agreement; that on the last day and date mentioned, his Honor, Judge Thomas G. Windes,

by whom said decree had been entered herein, before whom said petition for rehearing had been filed, and on whose calendar said petition had been continued from time to time, as aforesaid, was sick and confined to his home; was unable to be present at his court, and did not appear in court on said last day and date.

"THE COURT FURTHER FINDS that on said July 7th, 1917, this court did not decide said motion or make any disposition thereof; that no hearing has been had on said petition for rehearing, down to this day and date, nor has the same been disposed of in any manner, nor has there been any order entered, or any record made of any disposition of the said petition for rehearing, filed as hereinbefore set out.

"THE COURT FURTHER FINDS, that it has lost jurisdiction of said petition, and for said reason finds that the petition should be dismissed.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that complainants' motion filed herewith in writing, to have the said petition heretofore filed herein, as aforesaid, set down for hearing, be, and the same is hereby denied."

It is contended on behalf of the complainants that inasmuch as the motion to hear the petition, which had already been entered, was set by the chancellor for May 26, 1916, in the May term of the court, that it was automatically continued from month to month pursuant to the statute and that when on December 15, 1917, counsel for the complainants moved the chancellor for a rehearing of the motion, it should then have been heard and not denied.

It is provided in section 21, chapter 37, Hurd's Revised Statutes 1915-16, p. 784 (J. & A. ¶ 3019), as follows:

"All causes and proceedings pending and undisposed of in any of said courts at the end of the term shall stand continued until the next term of the court."

In *Updike v. Armstrong*, 4 Ill. 564, where a cause was submitted to the court for trial and a jury waived

and the judge took it under advisement until the next term of court and then resigned and another judge was appointed in his place, it was held proper that the new judge should try the cause when reached in its order on the docket. The first trial occurred at the September term of 1841 and the second trial, which was objected to, at the August term of 1842. Mr. Justice Caton in the opinion in that case said: "It was objected that no order for a continuance appears to have been entered. If any such order was necessary to continue the jurisdiction of the court, we will presume that either a general or special order was entered. But no such order was indispensably necessary. If from any cause such an order be omitted, all causes undisposed of are continued, by operation of law, to the next term, by the adjournment of the court."

In *Seiter's Estate v. Mowe*, 182 Ill. 351, it was held that a motion "undisposed of at the end of the July term would, with the adjournment of that term, be continued by operation of law."

In *Bennett v. Bradford*, 132 Ill. 269, the court said: "The orders made continued the motion until its decision by the chancellor, and, even without those orders, the adjournment of the court without a decision of the motion would have carried the motion over to the next term." Citing Rev. St. 1874, ch. 37, sec. 38.

In *Wentworth v. Treat*, 89 Ill. App. 214, the court said: "The motion entered in the February term and the order for continuing it retained the cause in court until such motion was disposed of. * * * The statute provides that all causes and proceedings pending and undisposed of at the end of a term shall stand continued to the next term. Rev. St. ch. 37, sec. 56. The cause being continued, the court retains jurisdiction." *Hearson v. Graudine*, 87 Ill. 115.

In *Watson v. Le Grand Roller Skating Rink Co.*, 177 Ill. 203, where on August 12, 1892, a decree was

Miller v. Miller, 219 Ill. App. 212.

entered dissolving a corporation and appointing a receiver, and on August 16, 1898, that decree was vacated, Mr. Justice Wilkin said: "While, in form, the decree of August 12, 1892, may have been final, the filing by the defendant of its petition for a re-hearing at the same term at which the decree was rendered, and the cause being continued to a subsequent term upon that petition, had the effect of suspending the operation of the decree and of retaining jurisdiction over the subject-matter at the subsequent term, and the court had the power, at the latter term, to amend, alter, modify or vacate the decree."

*Shannahan v. Stevens,* 139 Ill. 428. In that case at the February term, 1884, the court dismissed the bill of complaint of one Bridgett Shannahan and at the same term an oral motion was made by her husband, Patrick Shannahan, to set aside the decree of dismissal and to allow him to intervene as a cocomplainant. No decision of that motion was made and the entry of it remained upon the docket without any order being made in regard to it until the May term, 1886, when in that term, he, with others, presented a petition setting up certain facts as to whether the court had jurisdiction. The Supreme Court said: "The motion not having been decided by the court at the term when made, was continued by operation of law from term to term until decided." Citing section 38 of the statute, *supra.*

Inasmuch as in the instant case the original motion was made and the petition for a rehearing was filed in the term at which the decree was entered, we are of the opinion that the decree was then stayed, and, pursuant to section 21 *supra,* that the trial court, on December 15, 1917, still had jurisdiction of the motion for a rehearing.

The order of the chancellor is reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR, J., concurs.
THOMSON, J., dissenting.

MR. JUSTICE THOMSON dissenting: I am unable to concur in the foregoing decision. Whereas an order of court entering a motion or petition for a rehearing and providing that the hearing on the same be continued, will, by operation of the statute referred to in the majority opinion, have the effect of continuing the matter beyond the term, where it is not disposed of within the term in which the order is entered, in my opinion, where the order is that the matter be continued to a stated term or a specific date and such term or the term including such specific date expires, without any further order in the case, the court has lost jurisdiction.