Evaniski v. Mt. Olive & Staunton Coal Co., 223 Ill. App. 33.

## Dorothy Evaniski, Administratrix, Plaintiff in Error, v. Mount Olive and Staunton Coal Company, Defendant in Error.

1.   NEW TRIAL—*when plaintiff has absolute right to move for new trial.* Under section 77 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 77), a plaintiff against whom a judgment had been entered upon an instructed verdict had an absolute right to move for a new trial, even after judgment was entered, providing the motion was presented at the same term of court.

2.   APPEAL AND ERROR—*when bill of exceptions is filed in time.* Where a motion to set aside a judgment was filed during the term at which it was rendered, the judgment did not become final until the motion was disposed of, and where that was done at a subsequent term and thereupon an appeal was prayed and allowed, a bill of exceptions filed within the time fixed by the court was filed in apt time.

3.   APPEAL AND ERROR—*evidence and peremptory instruction as reviewable without motion for new trial.* Though a plaintiff, against whom judgment was rendered upon an instructed verdict, did not move for a new trial, where she preserved the court's rulings on the admission and exclusion of evidence and the giving of the peremptory instruction, she was entitled to have those questions considered.

4.   WORKMEN'S COMPENSATION ACT—*how rejection of act can be made issue.* Cahill's Ill. St. ch. 48, ¶ 203, is purely remedial, having application only to a rule of evidence and practice, and is applicable to a case in which the declaration was filed after its passage though the cause of action arose prior to its enactment, and, where the declaration averred that defendant had rejected the Workmen's Compensation Act, that fact could be made an issue only by a verified plea denying the allegation.

5.   MINES AND MINERALS—*where exclusion of evidence in action for death of miner is not error.* In an action for the death of a miner, based upon the theory that death was caused by failure to provide fresh air in the room where deceased was working, where there was no evidence to show that the condition of the body was such as to indicate that he died from suffocation occasioned by gas, smoke or dust, nor that if death had been so caused there would be nothing in the condition of the body to indicate the cause of death, the court did not err in refusing to allow plaintiff to show the condition of the air in other rooms on other days prior to the accident.

6.   Pleading—*waiver of similiter to plea of general issue by going to trial.* By going to trial without a *similiter* to the plea of the general issue, plaintiff waived that question. .

7.   Trial—*right of court to enter judgment immediately upon return of verdict.* Under section 77 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 77), the court may enter judgment immediately upon the return of a verdict, and the party thereby loses no rights as he may, at the same term, move for a new trial or in arrest of judgment, notwithstanding the entry of judgment, and is not required to present his bill of exceptions until the motions are passed upon.

8.   Appeal and error—*record as not subject to contradiction by affidavits of jurors.* A party cannot contradict the record which shows that the jury returned a verdict of not guilty by affidavits of some of the jurors.

9.   Trial—*formal verdict as not required when court directs verdict.* When the court directs a verdict, it is not necessary that a verdict be actually written out and signed by the jury and returned into court.

Error to the Circuit Court of Madison county; the Hon. George A. Crow, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed November 21, 1921.

R. F. Tunnell, for plaintiff in error.

William E. Wheeler, for defendant in error; M. F. Oehmke, of counsel.

Mr. Justice Barry delivered the opinion of the court.

Plaintiff sought to recover for the death of her husband, who was in the employ of defendant as a miner, on the ground that the latter was guilty of negligence in failing to provide a sufficient supply of fresh air, etc. The declaration averred that defendant had rejected the Workmen's Compensation Act prior to the death of the deceased, which occurred on May 17, 1917.

At the close of plaintiff's evidence, on motion of defendant, the court instructed the jury to find the defendant not guilty, which was done, and thereupon the court entered judgment on the verdict and plaintiff excepted. At the same term of court, plaintiff moved

the court to set aside the judgment, but did not ask for a new trial or that the verdict be set aside. The motion was overruled at a subsequent term and plaintiff then moved in arrest of judgment. The latter motion was overruled on July 25, 1921, and an appeal was then prayed and allowed and a bill of exceptions was filed within the time fixed by the court.

Counsel for plaintiff seems to have acted on the theory that it was necessary to have the judgment set aside before he could make a motion for a new trial. Under section 77 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 77), plaintiff had the absolute right to move for a new trial, even after judgment was entered, providing it was presented at the same term of court. As the motion to set aside the judgment was filed during the term at which it was rendered, the judgment did not become final until the motion was disposed of, and it follows that the bill of exceptions was filed in apt time. *Hosking v. Southern Pac. Co.*, 243 Ill. 320; *Grubb v. Milan*, 249 Ill. 456.

While plaintiff did not move for a new trial, yet having preserved the court's rulings on the admission and exclusion of evidence and the giving of the peremptory instruction, she is entitled to have those questions considered. *Yarber v. Chicago & A. R. Co.*, 235 Ill. 589.

Counsel for defendant contends that, in any event, the court properly directed a verdict of not guilty because plaintiff failed to prove that the defendant had rejected the provisions of the Workmen's Compensation Act. That contention is based on *Beveridge v. Illinois Fuel Co.*, 283 Ill. 31, but since that decision was rendered and prior to the filing of the declaration in the case at bar, the statute was changed. Cahill's Ill. St. ch. 48, ¶¶ 202, 203.

The declaration having averred that defendant had rejected the Workmen's Compensation Act, that fact could only be made an issue by a verified plea deny-

36        APPELLATE COURTS OF ILLINOIS.

Evaniski v. Mt. Olive & Staunton Coal Co., 223 Ill. App. 33.

ing the allegation, Cahill's Ill. St. ch. 48, ¶ 203, which was not done. While said section 3½ (¶ 203) was enacted after the death of plaintiff's intestate, yet it was the law when plaintiff filed her declaration. It is purely remedial, having application only to a rule of evidence and practice and is applicable to this case although the cause of action arose prior to its enactment.

The evidence shows that the deceased was in the employ of the defendant as a miner on May 17, 1917, and on that morning went to work in room 4, entry 15 left south. He and his buddy were in the room about half an hour and had picked up a few pieces of coal to stop the holes in a car, when he said, "Joe, Joe, my head," and fell down and died in a few minutes. His buddy testified to having worked in mines for 27 years, and that he could tell whether the air in a room is good or bad, but that he could not tell how the air was in their room the day plaintiff's intestate died. Another witness testified that he could tell the condition of the air in a room, but that when this thing happened he could not tell anything about the air then; it happened early in the morning, and he could get no proof whether it was bad air or not, because you have to be in there one hour before you can tell.

There was no evidence, medical or lay, to the effect that the condition of the body of the deceased was such as to indicate that he died from suffocation occasioned by gas, smoke or dust, nor is there any evidence that if death had been caused in that manner there would be nothing in the condition of the body to indicate the cause of death. Had there been evidence that death resulted from suffocation that might be caused by gas, smoke, dust or lack of fresh air, it would have been proper to show the condition of the air in other rooms off the same entry supplied by the same air course, previous to the day in question. As

there was no such evidence, it is our opinion the court did not err in refusing to allow plaintiff to show the condition of the air in such other rooms on other days prior to the accident.

By going to trial without a *similiter* to the plea of the general issue, plaintiff waived that question. In her motion to set aside the judgment, plaintiff contended that the court erred in entering the judgment immediately after the jury were instructed to return a verdict of not guilty, because she was given no opportunity to enter a motion for a new trial and that she had just reasons to offer same; that no opportunity was given her to enter a motion in arrest of judgment and she had just grounds and intended to offer such a motion; that she objected to the entry of the judgment as shown by her exceptions thereto and said judgment was erroneous, illegal and improper; that the judgment is based on the fact that the jury found the defendant not guilty, whereas there was no such verdict.

The statute, section 77 of the Practice Act, contemplates that the court may enter judgment immediately upon the return of a verdict. When so entered, a party loses no rights, as he may, at the same term of court, move for a new trial or in arrest of judgment, notwithstanding the entry of judgment, and he is not required to present his bill of exceptions until after the motions are passed upon. *Hosking v. Southern Pac. Co.*, 243 Ill. 320.

Plaintiff could not be permitted to contradict the record which shows that the jury returned a verdict of not guilty by the affidavits of some of the jurors. When the court directs the jury as to the verdict to be returned, it is not necessary that a verdict be actually written out and signed by the jury and returned into court. No error was committed by the court in overruling the motion to set aside the judgment.

By her motion in arrest of judgment, plaintiff con-

tended that there was no verdict returned by the jury; that defendant had filed no appearance or pleading in the case; that defendant had not properly filed any appearance or pleading; that the court improperly entered the verdict of the jury as no verdict was returned by the jury; that the court improperly refused plaintiff's motion for a default.

Waiving the question as to whether those matters could be availed of on a motion in arrest, what we have already said about the verdict and its entry by the court disposes of that question. The record shows that defendant appeared and filed a plea of the general issue, so there is nothing in the suggestion that such was not the case.

The action of the court in denying plaintiff's motion for a default, and the showing made to the court, are not preserved in the bill of exceptions. It appears from the abstract that on December 2, 1918, defendant was given leave to plead and the general issue was filed. The denial of the motion for a default was a matter within the legal discretion of the court and there is no showing that the discretion was abused. It follows that the motion in arrest was properly overruled.

As there is no reversible error in the record the judgment is affirmed.

*Affirmed.*