**Annantonio Di Meo, Administratrix of the Estate of Bernardo Di Meo, Deceased, Appellee, v. Walker D. Hines, Director General of Railroads, and Chicago, Elgin, Joliet & Eastern Railway Company, Appellants.**

## Gen. No. 28,016.

1. APPEAL AND ERROR—*scope of review on appeal from order vacating order of dismissal for want of prosecution.* On appeal by defendant in an action on the case, from an order vacating a previous order dismissing the cause for want of prosecution, the court cannot review a previous order made two days before the cause was dismissed, reinstating it on the docket and ordering the clerk to place it on the trial calendar, on the ground that such order of re-

instatement violated certain rules of court incorporated in the record, where no appeal is taken from the order of reinstatement.

2. APPEAL AND ERROR—*appealability of order reinstating cause dismissed for want of prosecution.* An order vacating a previous order dismissing a cause for want of prosecution is a final and appealable order.

3. JUDGMENTS—*finality of judgment of dismissal for want of prosecution.* A judgment dismissing a cause for want of prosecution is final and the court does not retain jurisdiction to vacate it and reinstate the cause on motion made after term by the fact that dismissal was ordered after the cause had been reinstated on the docket under an order that it should be placed on the trial calendar to be tried on a specified date, to be then dismissed if neither party appeared but that it might be reinstated on order of the court at any time within ninety days thereafter upon plaintiff giving due notice to the defendant.

4. JUDGMENTS—*error of fact occurring after rendition of judgment insufficient to confer jurisdiction to vacate after term.* A judgment dismissing a cause for want of prosecution cannot be vacated under Practice Act, sec. 89, Cahill's Ill. St. ch. 110, ¶ 89, authorizing the court after term to correct errors of fact which, if before the court would have prevented the rendition of the judgment, where the alleged misprision of the clerk, in failing to enter a minute of the appearance of plaintiff's counsel within time before another judge to apply for reinstatement of the cause, is alleged to have occurred after the rendition of the judgment and it is not shown that the court was ignorant, when judgment was rendered, of any fact which then existed which would have prevented its rendition.

5. JUDGMENTS—*when diligence in moving to vacate dismissal not shown.* A plaintiff is not entitled to the benefit of a motion to vacate a judgment dismissing the cause for want of prosecution where the record shows that her attorney presented the motion before another judge who was then sitting in the superior court and was then informed that the judge who had dismissed the cause was then sitting in the criminal court and that such judge alone could consider the motion and that no effort was made to have the latter judge hear or dispose of the matter within the time limited by an order permitting such motion to be made.

6. APPEAL AND ERROR—*error of fact not preserved by bill of exceptions not reviewable on appeal.* An alleged misprision of a clerk of the superior court in failing to make a minute of the appearance of plaintiff's attorney before a judge of that court other than the one who dismissed plaintiff's cause for want of prosecution, and of such attorney's application for reinstatement of the cause, will not be considered on appeal from an order made after

term reinstating such cause, where such matter is not preserved by a bill of exceptions.

Appeal by defendants from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the October term, 1922. Reversed. Opinion filed May 28, 1923.

KNAPP & CAMPBELL, for appellants; J. L. EARLY-WINE, of counsel.

CASSELS, POTTER & GILBERT, for appellee; RALPH F. POTTER and JOHN W. FISHER, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by the defendant from an order entered by the superior court of Cook county on June 3, 1922, *nunc pro tunc* as of May 13, 1922, vacating an order theretofore entered on July 1, 1921, which last named order dismissed the plaintiff's suit for want of prosecution.

The facts appear to be that the plaintiff brought action in case against the defendant, filing her suit on February 10, 1920. On March 17 thereafter she filed a declaration. To this declaration the defendant filed pleas on April 6, 1920, and on December 1 thereafter an order was entered striking the cause from the docket. On June 28, 1921, this cause, with other stricken cases, was ordered reinstated and the clerk was ordered and directed to place these cases on the trial call of Judge McKinley for Friday, July 1, 1921. The order further provided that cases in which there was no response by either party should be dismissed, but that the same might be reinstated on order of the court at any time within ninety days thereafter upon the plaintiff giving due and proper notice to the opposing party.

February 9, 1922, the plaintiff made a motion to vacate the order of dismissal of July 1, 1921. This motion was supported by an affidavit which set up

the foregoing facts, all of which appear of record, and further alleged that neither the plaintiff nor her attorney had any notice of the entry of the order of dismissal until the 22nd day of July, 1921; nor that prior to that time did either of them have notice that the cause had been redocketed or placed upon the trial calendar; that within two or three days after acquiring such knowledge, having given notice to opposing counsel, the plaintiff went to Judge Pam, then sitting as vacation judge in the superior court, and made a motion to set aside the said order dismissing the suit and presented the facts by affidavit; that she was informed by Judge Pam that he could not consider the motion, but that the matter should be presented to Judge McKinley, who was then and since then has been sitting in the criminal court of Cook county.

Counsel for appellee have incorporated in the record certain rules of the superior court and urge that the order of June 28, 1921, violated these rules. This appeal, however, is not from that order, and it is therefore not before us for our consideration. This appeal is from the order which reinstated the cause. It is not a writ of error which would bring the whole record before us for consideration.

The appellee insists that the order of reinstatement of May 13, 1922, was not a final and appealable order, and in support of this contention we are cited to *Andrews & Co. v. Anchor Folding Box Mfg. Co.*, 210 Ill. App. 636, and *People v. Wells*, 255 Ill. 450. One branch of this court so held in *Madden v. City of Chicago*, 205 Ill. App. 612, but this court has held to the contrary in *Bishop v. Illinois Western Electric Co.*, 221 Ill. App. 141, relying on *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516. We adhere to our opinion.

As the term of court at which the order of dismissal was entered had expired long prior to the time when the plaintiff made the motion to reinstate,

it is apparent that the court had lost jurisdiction unless facts were made to appear which would bring the motion within the provisions of section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89]. That section provides that the writ of error *coram nobis* is abolished and that in lieu thereof the court upon motion may correct errors of fact which, if the same had been before the court, would have prevented the rendition of the judgment. *Gould's Estate v. Watson*, 80 Ill. App. 242, and *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516. That an order of dismissal is a final order and disposes of the cause is, we think, too well established to require the citation of authorities. *Glaefke v. Western Electric Co.*, 145 Ill. App. 383.

The plaintiff, however, contends that the combined effect of the orders, namely, that of June 28, 1921, which placed the case upon the trial calendar with the provision for reinstatement on notice given within ninety days, and that of July 1, 1921, dismissing the cause for want of prosecution, was to give the judgment of dismissal a conditional character; that it was to be final only in case the notice was not given; that the giving of the notice and the application made to reinstate the cause prevented the judgment from becoming final, and that the court therefore did not lose jurisdiction. *Watson v. Le Grand Roller Skating Rink Co.*, 177 Ill. 203; *Shannahan v. Stevens*, 139 Ill. 428; *Evanski v. Mt. Olive & Staunton Coal Co.*, 223 Ill. App. 33, and *Miller v. Miller*, 219 Ill. App. 212, are cited as tending to sustain this view. These are cases where a motion to set aside was made at the judgment term and continued either by order of the court or by virtue of the provisions of the statute. We do not regard the cases as in point.

The language of the orders in the instant case is clear and, we think, precludes the construction for which plaintiff contends.

The case therefore turns on the question raised by plaintiff's contention that the failure of the clerk of

the court to enter a minute of the appearance of plaintiff's attorney before Judge Pam and a minute of the application which the affidavit asserts was then made to have the case reinstated constituted errors of fact such as would give the court jurisdiction under the provisions of section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89] after the expiration of the term at which the judgment of dismissal was entered.    This question raised must be answered in the negative for several reasons.

In the first place, conceding a misprision on the part of the clerk (which we do not assert), it is alleged to have occurred after and not before or at the time of the rendition of the judgment. We do not understand that such misprision can be made the basis of a motion of this kind.    To so hold would be to render judgments of the courts unsafe and insecure.    The affidavit does not show that the court at the time of rendering this judgment was ignorant of any fact which then existed which would have prevented its rendition. Only such facts, as we understand the law, can be made the basis of the motion.    *Warner v. Wende*, 214 Ill. App. 431-433; *People v. Noonan*, 276 Ill. 430.

In the next place, we think plaintiff is not entitled to the benefit of the motion because she failed to show that she was free from negligence in the matter.    The affidavit submitted in her behalf is to the effect that Judge Pam told plaintiff's attorney that the application should be made to Judge McKinley.    There was then plenty of time in which to make such a motion. The only excuse offered was that Judge McKinley was then sitting in the criminal court of Cook county. This did not devest Judge McKinley of his powers as a judge of the superior court, yet no effort was made to have him hear or dispose of the matter within the time limited by the order.    "The motion is not intended to relieve a party from the consequences of his own negligence."    *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 521.    Moreover, we think that

there is merit in the contention of defendant that reasonable diligence on the part of the plaintiff would have made known to her the fact that the clerk had not made any minute or entered her motion. Moreover, a notation of the clerk that such a motion was made would not of itself have made such motion a part of the common-law record. It could become such only by being preserved by a bill of exceptions, and there was no attempt to do this. There is therefore no proper showing in the record that any such motion was in fact made. Indeed, we think it may fairly be inferred from the statements of the affidavit that plaintiff herself did not consider that any motion had been made before Judge Pam, but that she expected at another time to make the motion before Judge McKinley, which she failed to do.

For these reasons we think the court erred in entering an order reinstating the case, and the same will be reversed.

*Reversed.*

McSURELY, P. J., concurs.