Martin, J.
The insolvent’s creditors having met before a notary to appoint a syndic, and the proceedings of their meeting being brought *55 to court for homologation, J. H. Holland, one of them, opposed their homologation, on the ground, that Cucullu, the creditor who appears as having been appointed syndic, was not the person legally chosen, but that he, Holland, the opposing creditor, was. The proceedings were homologated, and Holland appealed.
A creditor who was present at a meeting, and did not object to any vote, cannot oppose the homologation of the proceedings, on the allegation that proper powers were not produced.
A judgment of homologation must, according to the constitution, contain the reasons on which it is grounded.
The opposition was grounded, on the admission at the meeting of the following persons, as creditors of the insolvent, viz. Rion, Gurly and Guillot, the Ursuline nuns, Labatut, Mercier, Labarthe, Morgan and Sainet.
1. Because, none of the said persons, Sainet excepted, have sworn, in the manner required by law, to the truth and legality of their respective debts; the oaths having been taken by proxy.
2. Because, the persons appearing for them (principally Rion) produced none, or an inadmissible power.
3. Because, Sainet and Mercier had ceased to be creditors, the former having been paid in full, and the amount of the latter’s claim having, long before, been at her disposal, and she having delayed to receive it, in order to interfere in the affairs of the creditors.
*56 4. Because, Labarthe and Morgan, respectively claim the same sum, a suit depending, which is to ascertain to whom it is due.
Eighteen persons claiming $41,301 appeared at the meeting; ten of whom, claiming $21,641, voted for Cucullu, as syndic; and eight claiming $19,660, voted for Holland. The claims of the persons whose votes, it is contended, ought not to have been received, amount to $16,516.
The counsel for the appellant contends, that the judgment appealed from ought to be reversed, because it contains none of the reasons on which it was grounded.
I think this objection must prevail; the constitution requires judges to give their reasons in final judgments. The present was such a one.
But as the whole evidence is before us, we are enabled to proceed and give the judgment which the district court ought, in our opinion, to have given.
The second ground of opposition is the only one, which, in my opinion, presents the least difficulty.
It appears to me useless to express any opinion as to the manner in which the parties *57 swore to their debts at the meeting under consideration. I have confined my enquiry, in this respect, to the parties objected to in the district court, and find that all of them, except Guillot and Gurly, proved their debts without any objection as to the mode, at the first meeting of the insolvent's creditors, the proceedings of which have been homologated. This, in my opinion, suffices; and it appears to me unnecessary, at any other period, that they should prove them. The debt of Gurly and Guillot, is only $190; and if they were excluded, there would still remain a majority of creditors, in persons and amount, in favour of Cucullu.
Sainet appears, by the record, to have received the amount of his claim, under restrictions; what these restrictions are, do not appear; and since he swore that it was still due, duty and inclination lead me to the belief, that he received it, in such a manner, that the amount is not absolutely his, and consequently his claim is not yet extinguished. This is the more probable, that he was, and still is, a syndic; and he may still be considered as accountable for the money as such. I see no evidence to support the allegation, *58 that the account of madame Mercier’s claim. ever was at her disposal.
Labarthe voted for Cuculla, and Morgan for Holland; and if, as is contended, these persons are creditors of one and the same claim, and a suit be depending to determine which of them is the legal claimant, both, if either of the votes are to be rejected; and if so, the result of the election is the same, as if they are retained.
So that, the only ground of objection to be considered, is the second, viz. the absence or illegality of the powers of those who appeared to vote for others.
In this respect, the votes of the nuns, Rion, Labatut, and Mercier, only are exceptionable.
The holy ladies' vote was given by F. Lambert, who had a power to represent them in Seghers' affairs, subscribed R. K. André, for the mother St. Michel Gensoul; and the appellant’s counsel has informed us, that the same attorney appeared without any power at all, at the first meeting, and took the oath.
Rion was represented under a power, executed by his wife.
Labatut and Mercier were so, by persons styling themselves their attornies, but who do not appear to have produced any power.
*59 The notary has given a certificate (which comes up with the record) stating, that the powers of attorney, shewn here, are annexed to the proceedings; that none other were shewn there. I have disregarded this certificate, believing, that a notary can only legally certify copies of proceedings in his office, and that any other fact, in his knowlege, must be disclosed on oath.
The opponent or appellant does not allege, that the persons who represented the nuns, Labatut, Rion, or Mercier. were not duly authorised, but only, that they did not produce any power at all, or such as were not admissible. He was present at the meeting, neither he, the notary, nor any of the other creditors opposed the votes now complained of, on the ground of a want of authority in the persons who offered them, and these persons were without any difficulty permitted to vote.
I therefore think, that we cannot now listen to the opponent and appellant, who had the opportunity to make their objections at the meeting, before the votes were received, when the parties might probably have, with facility, supplied any deficiency in the evidence, which they produced, of their authority to *60 represent their principals. I conclude, that we ought to homologate the proceedings; but as there was not any reason in the judgment, the appeal was properly taken, and the appellee ought to pay the costs of it.
Seghers for the opposing creditor, —for the defendants.