## YEATMAN et al., *v.* BROADWELL et al.

Where an obligation is contracted on condition that an event shall happen within a limited time, the condition must be considered to have failed when the event has not occurred within the time. C. C. 2033.

Legal interest is due from judicial demand on a claim for the price of a steamer.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.
G. B. and *L. C. Duncan,* for the plaintiffs.    *Wray,* for the appellants.

The judgment of the court was pronounced by

ROST, J.    The plaintiffs entered into the following agreement with the defendants:

" Articles of agreement made and entered into this 3d day of September, 1844, between *Yeatman & Shields* of Cincinnati, Ohio, of the first part, and *James M. Broadwell* of the city of New Orleans, and *Theodore J. Horner* of Cincinnati, of the second part, witnesseth:

" That, in consideration of certain payments as hereafter specified, to be made by *J. M. Broadwell* and *T. J. Horner, Yeatman & Shields* agree to build the following machinery, and erect the same on a boat, viz: two seventeen inch cylinders, seven feet stroke, with all other apparatus and machinery to make two complete engines, (with the exception of three forty-inch boilers, twenty-two feet long, which the parties of the second part agree to furnish,) and to be ready for operation from the 1st to the 10th of December next; and, in case of the sinking or burning of the boat, during the delivery or completion of the engines, it shall be at the risk of the said second parties.

" The parties of the second part agree to have their boat at some convenient landing between Deer Creek and Ludlow street, at least four weeks previous to the time specified for the operation of the engines, with the timbers dressed and fastened for their reception. The second parties also agree to pay for the above described work, the sum of four thousand seven hundred and fifty dollars, as follows: two-thirds of the amount during the progress of the work; the residue six months after the machinery is ready for operation, for which paper, satisfactory to the parties of the first part, will be executed when the engines are ready for operation."

Under this agreement, the boat should have been brought to the place where she was to receive the engines, four weeks previous to the 1st of December. She was not there until the 24th of November; the engine timbers were not then dressed and fastened; and it took from seven to ten days work, before she was ready to receive the engine.

When the boat was ready for operation, the defendants having paid a part of the sum agreed upon, a settlement for the balance, due according to contract, was demanded of them by the plaintiffs' agent. *Broadwell* expressed himself satisfied with the work, and told the plaintiffs' agent that he had an agreement to meet *Yeatman* in New Orleans, where he could give more satisfactory acceptances. Upon that representation the agent delivered the boat to *Broadwell,* who, after the delivery, told him to enclose the bills to *Yeatman,* with whom he could arrange the matter as to the acceptances. The defendants afterwards refused to give the promised acceptances, and, on their refusal, the plaintiffs instituted, before the expiration of six months after the machinery was ready for operation, an action to recover the balance due on the contract.

The defendants' answer contains the following exception : " That the plaintiffs, from their own showing, are not entitled to be paid the balance alleged to be due them, until six months have elapsed from the completion of the work. That the suit is premature, and should be dismissed." The answer further contains a general denial, and a plea in reconvention for $3000 damages, for the non-delivery of the boat at the time stipulated in the contract.

The plaintiffs having proved their claim, the court below overruled the exception, allowed the defendants $250 damages, and gave judgment in favor of the plaintiffs for the balance due them, with legal interest from the first day of July, 1845, until paid. The defendants appealed.

Both the exception and the merits of this case, come under the same rule of law. The defendants stipulated with the plaintiffs, to pay them the sum of $4750 dollars, for putting two steam-engines on a boat. This was the real contract—the principal obligation. The plaintiffs attached to it two conditions, to wit: 1st. To have the steam-engines ready for operation from the 1st to the 10th of December, 1844, provided the boat was delivered to them, ready for the reception of said engines, at least four weeks previous to the 1st of December. 2d. To allow the defendants, on one third of the sum agreed upon, a credit of six months from the time the machinery was ready for operation, provided that, at that time, they gave the plaintiffs satisfactory paper for that sum.

The two events on which those conditional obligations were based, did not happen. The boat was not delivered for the reception of the engines at the stipulated time, and, after the completion of the work, the defendants expressly refused to give satisfactory paper, or paper of any kind, to the plaintiffs.

Art. 2033 of the Civil Code provides that, " when an obligation has been contracted, on condition that an event shall happen within a limited time, the condition is considered as broken, when the time has expired without the event having taken place." Toullier, commenting upon art. 1176 of the *Code Napoléon,* which is word for word the same, says: " If doubts may arise as to the manner in which a condition should be accomplished, there can be none as to the time at which it ought to be so, when it is fixed by the contract. This does not require that the intention of the parties should be ascertained; the law of the contract must govern. The Code has not left to judges the power to evade its effect, by interpretations which might become arbitrary. The delay is fatal; and that general disposition is applicable to all kinds of conditions, protestative, casual, or mixed." Toullier, nos. 608, 610. See also Merlin, *verbo* Condition. Indeed this article requires no commentary. The rule it prescribes is clear and free from all ambiguity. Civil Code, art. 13. The conditions appended to the principal contract in this case, must be considered as not written, and the plaintiffs are entitled to maintain their action upon it, without regard to them.

The court erred in allowing damages to the defendants, and in not allowing interest to the plaintiffs from the judicial demand.

It is therefore ordered that the judgment be reversed; and it is further ordered, that the plaintiffs recover from the defendants, *in solido,* the sum of $2400 33, with interest, at the rate of five per cent per annum, from the 25th of February, 1845, until paid, and costs in both courts.