## LEVI C. MARSH

*v.*

## WILLIAM GREEN.

79  385
26a 609
79  385
36a 209
79  385
139 432
79  385
157 495
79  335
70a 264
79  385
88a 229,
79  385
203  ³534
79  385
212  ³172

1. PARTIES IN CHANCERY—*bill to appoint trustee to sell.* Where a trustee in a deed of trust dies before default in payment of the money thereby secured, and the grantor has conveyed his equity of redemption, by deed, to another, who agrees to assume the debt, such grantor is not a necessary party to a bill in equity to have a trustee appointed to sell after default is made.

2. SAME—*bill to foreclose trust deed.* But on a bill to foreclose a trust deed, the grantor in such deed is not only a proper but an indispensable party, notwithstanding he may have conveyed his equity of redemption.

3. CHANCERY PRACTICE—*right of party to intervene.* In equity, by the modern practice, any person feeling he has an interest in the litigation, may apply to the court, and be permitted to intervene and become a party, and have his rights passed upon on the hearing, by making a proper showing. If he has no substantial rights involved, he will not be allowed to intervene.

4. AMENDMENT—*in chancery, to make new parties.* A party complainant will be permitted, at any stage of the case before decree, to amend his bill, to make formal parties, and have them enter their appearance.

5. DISCLAIMER—*effect of.* Where a person, not made a party to a bill, on the hearing enters his appearance and disclaims all interest in the subject matter, he will be bound by it, and this will cure the error, if any, in not making him a formal party in the bill.

25—79TH ILL.

APPEAL from the Circuit Court of Iroquois county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. BLADES, KAY & EVANS, for the appellant.

Messrs. DOYLE & KING, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee filed a bill in the court below, to have a trustee appointed to execute a trust created by Robert Doyle and Frances M. Doyle, his wife, by deed, in favor of Helen T. Green, to secure the payment of a sum of money he owed to her. By the trust deed he conveyed a block of ground in Watseka to one King, with power to sell the same, should he make default in payment of the money. Subsequently, Doyle and wife made a conveyance to Levi C. Marsh, the defendant below, by warranty deed, for the same block of land, and the latter assumed the payment of the money owing to Helen T. Green, which was secured by the trust deed. King, the trustee, died before default was made in the payment of the money, and hence this bill, asking for the appointment of a suitable person to execute the trust and make sale of the land, to raise the money, as a default had occurred in its payment.

The bill only made the grantee of Doyle and wife a defendant, and only prayed process against him. It was objected on the hearing, that Doyle and his wife were necessary parties. To remove the objection, complainant procured Doyle and wife to enter their appearance, which they did, and waived the service of process, and agreed to abide by any decree the court might render in the case. Appellant moved to strike their appearance from the files, but the court overruled the motion, and rendered a decree, on the hearing, appointing a trustee to carry out and execute the trust as declared by the deed ; and from that decree defendant appeals to this court, and asks a reversal because Doyle and wife were not made parties defendant by the bill.

We have been referred to no authority which holds that a party who has sold all his interest in an equity of redemption, should be made a party to a suit to appoint a trustee to sell such equity of redemption, nor do we see why he should. He has no farther interest in the subject matter of the suit. In the case of *Curtiss* v. *Brown*, 29 Ill. 201, it was held, that such a grantor was not a necessary party. That case is conclusive of this question. But if it could be held that Doyle and wife were indispensable parties, they became such by entering their appearance. As we understand the modern practice, any person feeling that he has an interest in the litigation may apply to the court, and be permitted to intervene and become a party, and have his rights passed upon on the hearing; and the court will permit him to become such party on a proper showing. He would, of course, not be permitted to intermeddle when he had no substantial interest in the subject matter of the suit. Again, as we understand the practice, and it has never been questioned, so far as our knowledge extends, a party complainant will be permitted, at any stage of the case before decree, to amend his bill to make formal parties, and have them enter their appearance.

So far as this record shows, it could not be contended that Doyle and wife had any substantial interest in the litigation, and they disclaim all interest; and there can be no question that they are bound by their disclaimer, thus deliberately made. It must be because appellant supposes they had some substantial interest in the case, that he contends they are necessary parties, and if his conjecture is correct, then they had a right to enter their appearance and have that right adjudicated—and this has been done. If they had no interest, as they say, then they were unnecessary parties, and what was done by them can not affect the rights of any one.

Had this been a bill to foreclose the trust, and for a sale, and for a decree over against Doyle, then he would have been a proper, and, in fact, an indispensable party, as no decree can be rendered against a person not a party to

the suit. But this was only to appoint a trustee to sell the land, and he had parted with all interest in it, and the title could not be restored to him except by a conveyance, and appellant was bound to him to pay the debt which was a lien on the property, and hence it in nowise concerned him who became the trustee.

We perceive no error in the record, and the decree must be affirmed.

*Decree affirmed.*