PATRICK SHANNAHAN *et al.*

*v.*

LYDIA STEVENS, Admx.

*Filed at Ottawa October 31, 1891.*

1. CHANCERY PRACTICE—*motion for leave to file intervening petition after bill is dismissed.* A husband and wife gave a mortgage on real estate of the latter, to secure a debt of the former, which contained a power of sale. The wife filed her bill to enjoin a sale, on the ground that the debt was paid if the usury paid was deducted. The husband was not made a party. The court, on a stipulation of the wife, dismissed her bill. At the same term the husband appeared and made an oral motion to set aside the order of dismissal, and to allow him to intervene in the case as co-complainant. No disposition was made of this motion for several terms, when it was overruled, on the ground it was shown that the wife was not of sound mind when she signed the stipulation to dismiss: *Held,* that the husband had a right to intervene as a complainant, and that the court erred in denying his motion.

2. A person interested in the subject matter of a bill, who is a necessary party, has the right, on his motion, to intervene and become a party to the suit, even after the bill has been dismissed under a stipulation of the complainant, when his motion is made at the same term the suit is dismissed.

3. One having the right to be made a party to a bill in chancery, necessarily retains the right to move the court to become such upon the record at any time the case is within the control of the court.

4. SAME—*motion instead of writ of error coram nobis.* A motion may be made instead of suing out a writ of error *coram nobis,* at the same term at which a decree is rendered, to correct errors which at common law could be corrected only upon the return of that writ. During the term at which the decree is rendered the case is within the control of the court.

5. SAME—*motion—continued by operation of law.* Where a motion of a person interested, to intervene and become a party to a suit in chancery, is not decided by the court at the term when made, it will be continued, by operation of law, from term to term, till decided.

6. SAME—*affidavit in support of motion.* The presenting of a petition at a succeeding term, seeking the same object as by the oral motion, will not supersede such motion. Affidavits in support of the motion will be in time if presented at the term when such motion is considered and decided.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. EGBERT PHELPS, and Messrs. HALEY & O'DONNELL, for the appellants:

In the absence of such a rule of practice, a motion addressed to the court need not be in writing. Daniel's Ch. Pr. 1696.

A person not a party to the suit may apply, by motion, to be made a party. Daniel's Ch. Pr. 1696; *Jones* v. *Roberts,* 12 Lim. 189; *Earl of Portarlington,* 2 Phil. 264.

The record of a judgment or decree is under the control of the court during the term at which it is rendered, and the judge may vacate a decree and correct any mistake in the record.

Until decided, the motion was continued from term to term, by operation of law. *Updike* v. *Armstrong,* 3 Scam. 564; *Hibbard* v. *Mueller,* 86 Ill. 250.

The court has control of its records during the entire term, without reference to whether the decree or judgment has been enrolled or not. *Bolton* v. *McKinley,* 22 Ill. 203; *Windett* v. *Hamilton,* 52 id. 180.

Mr. C. W. BROWN, for the appellee:

At the time the motion was made there was a final decree in the cause, and it was no longer pending. The court will not set aside a decree on the motion of one not a party thereto. *Hall* v. *Davis,* 44 Ill. 498.

The motion was not in writing, and was unsupported by affidavits, and was therefore properly overruled. *Hanna* v. *Ratakin,* 43 Ill. 464.

If the court had the power to vacate the decree it was merely a discretionary power, and unless abused, the action of the court is no ground of error. The remedy of appellant was by bill of review, if there was error on the face of the proceeding. *Griggs* v. *Gear,* 3 Gilm. 2; *Boyden* v. *Reed,* 55 Ill. 460; *Ebert* v. *Gerding,* 116 id. 219.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Bridget Shannahan sought, by her bill in chancery in the circuit court against Lydia Stevens, administratrix of the estate of Pelick Stevens, deceased, to enjoin the sale of her real estate which was then threatened under a power in a mortgage executed by herself and her husband, Patrick Shannahan, to Pelick Stevens, in his lifetime, to secure alleged indebtedness of her husband. The ground upon which she alleged that the sale should be enjoined is, that after deducting certain amounts of the alleged indebtedness which are for usurious interest, the debt has been paid. Patrick Shannahan was not a party to the bill. The allegations of the answer denied the usury charged, and affirmed the existence of unpaid indebtedness to a considerable amount. Both the bill and the answer were sworn to.

At the February term, 1884, of the circuit court, a decree was entered dismissing the bill of complaint, pursuant to a stipulation purporting to be signed by Bridget Shannahan, and at a later day, during the same term of the court, a motion was made orally, but entered upon the judge's docket by attorneys, on behalf of Patrick Shannahan, as husband and co-mortgagor of Bridget Shannahan, to set aside this decree of dismissal, and to allow him to intervene in the case as a co-complainant. No decision of this motion was made, and the entry thereof remained upon the docket, without any order being made in respect thereto, until the May term, 1886, of the court. At that term, Patrick Shannahan, and his two sons, T. Patrick Shannahan and William J. Shannahan, who united with him as sole heirs-at-law of Bridget Shannahan, who was then deceased, presented their petition in writing to the court, in which they recited the steps taken in the case, as before stated, and then averred that at the time of the alleged signing of said stipulation "Bridget Shannahan was not in a disposing condition of mind, but, on the contrary, then was, and for a long time previous thereto had been, in an almost imbecile condition, and wholly incompetent to enter into any agreement whatever," and they charge that the stipulation was obtained from her by fraud and collusion of parties named, acting in the interest of the defendants. The petition then shows the death of Bridget Shannahan shortly after the decree was rendered, leaving the petitioners, her husband and sole heirs-at-law. Affidavits were filed at the same time, in support of these allegations. The court refused to set aside the decree dismissing the bill and to allow the intervention of Patrick Shannahan, and this ruling was affirmed by the judgment of the Appellate Court.

In our opinion Patrick Shannahan had a right to be made a party to the bill of Bridget Shannahan. He was the debtor, and therefore an indispensable party to the accounting which must be taken to determine whether the relief prayed should

be granted. ' Moreover, he had a dower interest in the real estate to be affected by the decree.

A motion may be made instead of suing out a writ of error *coram nobis,* at the same term at which a decree is rendered, to correct errors which, at common law, could be corrected only upon the return of that writ. *(Sloo* v. *Bank,* 1 Scam. 428; *Life Association* v. *Fassett,* 102 Ill. 315.) And so we have held that a decree against an infant not properly before the court may be thus corrected. *(Peak* v. *Shasted,* 21 Ill. 137; *Hall* v. *Davis,* 44 id. 494.) The case was within the control of the court until the end of the term at which it was rendered. *Bolton* v. *McKinley,* 22 Ill. 203; *Edwards* v. *Irons,* 73 id. 583.

Patrick Shannahan having the right to be made a party to the bill, necessarily retained the right to move the court to become such upon the record at any time while the record was within the control of the court. *(Marsh* v. *Green,* 79 Ill. 385.) The motion not having been decided by the court at the term when made, was continued, by operation of law, from term to term, until decided. 1 Starr & Curtis, chap. 37, sec. 21, p. 707; *People* v. *Gary,* 105 Ill. 264.

We think the motion might be made orally, as it was. The petition presented at the May term, 1886, of the court, did not in anywise supersede or derogate from the motion made at the term when the decree was entered. It is immaterial that no affidavits in support of the motion were presented until the May term, 1886. It is sufficient that they were presented when the court considered and decided the motion.

We think the court erred in not setting aside the decree dismissing the bill and allowing Patrick Shannahan to be made a co-complainant upon the bill. The judgment of the Appellate Court and the decree of the circuit court are therefore reversed, and the cause is remanded to the circuit court, with direction to that court to set aside its decree rendered at its February term, 1884, dismissing the bill of Bridget Shannahan.

*Judgment reversed.*