CHARLES A. WIGHTMAN *et al.*

*v.*

THE EVANSTON YARYAN COMPANY *et al.*

*Opinion filed October 24, 1905.*

1. INTERVENTION—*right to intervene in Illinois is governed by general rules of equity.*  In Illinois the right of intervention, not having been made the subject of any general statutory regulation, is still governed by the general rules of equity.

2. SAME—*interest in suit must be created by claim or lien on property.*  The interest which will entitle a person to intervene in a suit in equity must be one created by a claim or lien upon the property in suit, or some part thereof, of such an immediate character that the intervenor will gain or lose by the direct legal operation of the decree.

3. SAME—*simple contract creditors cannot intervene in foreclosure.*  Parties holding unexpired contracts with a heating and lighting corporation have no such direct interest as entitles them to intervene in a proceeding in equity to foreclose a trust deed given to secure bonds issued by the corporation, in which proceeding the court has appointed a receiver, who refuses to carry out the contracts at the rates therein specified, even though fraud and collusion in the matter of foreclosing the trust deed are charged.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This is an appeal from the affirmance by the Appellate Court of an order dismissing the amended and supplemental petition of intervention by appellants, filed in an action begun by the Northern Trust Company, a corporation, against the appellee, the Evanston Yaryan Company, a corporation, to foreclose a trust deed.

The Yaryan company, a corporation organized under the laws of this State, was engaged in the business of furnishing electric lights and hot water heating service by means of wires, mains and conductors in the streets of the

city of Evanston, under authority of an ordinance of that city passed March 27, 1900. On January 10, 1901, the company made a mortgage or trust deed to the Northern Trust Company, trustee, covering all of its property and franchise, to secure bonds not exceeding $400,000 in amount, $189,000 of which were subsequently issued. On August 16, 1902, the trustee filed its bill in the superior court of Cook county to foreclose the mortgage or trust deed because of the non-payment of the interest coupons which fell due the preceding July. On the same day the bill was filed the company filed its answer, admitting all of the allegations of the bill, and thereupon the court appointed a receiver and directed him to operate the plant until otherwise ordered.

Various intervening petitions were filed by appellants, who claimed to have unexpired contracts with the light and heating company for heat and light service to be furnished their residences. On March 17, 1903, pursuant to leave of the court granted, all of the appellants joined in filing one amended intervening petition, which was intended to and did supersede all petitions theretofore filed by any of them. This amended petition is voluminous, setting up many immaterial and unimportant facts and conclusions. For the purposes of this decision the following material allegations are deemed sufficient: It set up the incorporation with a capital stock of $2500 and the subsequent increase of the same to $400,000, and alleged, upon information and belief, that no part of the increased capital stock had been paid. It also averred the execution of certain contracts between the company and petitioners, individually, for heat and light, covering periods of five years yet unexpired, and that the receiver had notified them that he would not furnish heat and light according to their respective contracts, and demanded higher rates. It further alleged that the bill to foreclose, and the answer thereto, were collusive, and that the stockholders of the company and the bondholders are largely the same persons, and that the company is not insolvent, and

the foreclosure proceedings were instituted for the purpose of securing the cancellation of the contracts with the patrons of the company; that the company threatened to consent to the final decree of foreclosure. It prayed that the receiver be directed to carry out the contracts with petitioners, and that the court determine whether the froeclosure proceedings were collusive, and refuse to enter a decree by consent of the company.

On March 21, 1903, before any action was taken upon this amended petition, a decree of sale was entered as prayed in the bill to foreclose. On April 13, 1903, before the sale, appellants filed a motion to vacate this decree, and on the following day an order was entered denying the motion and dismissing appellants' petition. From that order they appealed to the Appellate Court, where the order was affirmed, and a further appeal has been prosecuted to this court.

LYNDEN EVANS, for appellants:

Appellants had a clear right to intervene below, and allege, as they did, that the foreclosure in question was collusive and fraudulent; that there was no debt due the bond holders by the defendant; that the purpose of such collusion and fraud was to avoid appellants' contracts with the defendant company and other like contracts; that the result of such collusion and fraud is a financial damage to appellants; that the Yaryan company was not insolvent; that the bondholders and the stockholders were the same persons, and that the stock was wholly unpaid for, except as to $2500 out of $400,000. *Gavin* v. *Curtin,* 171 Ill. 640; Cook on Stockholders, (3d ed.) sec. 776; *Central Trust Co.* v. *Railroad Co.* 18 Abb. N. C. 381; *Railroad Co.* v. *Kelly,* 77 Ill. 426; *Thomas* v. *Brownville,* 109 U. S. 522.

Holders of bonds issued in fraud of other creditors can not take advantage of their own wrong. *Sargent* v. *Railroad Co.* 29 Pac. Rep. 1063; Cook on Stockholders, (3d ed.) secs. 650, 848.

Appellants here, the intervening petitioners below, are not merely contract creditors. Their rights accrued pursuant to the Evanston city ordinances, which city ordinances alone gave the defendant company the right to exercise its charter powers in Evanston. The said ordinances were passed prior to the delivery of the bonds, and the bondholders had notice of the conditions upon which the Evanston Yaryan Company alone could do business, and furthermore had notice that some of the rights of appellants acquired under these ordinances antedated the issue of the bonds; and further, and especially, had notice that the only means by which the bonds could ever be paid, either principal or interest, was through contracts with consumers for the light and heat to be furnished by the Evanston Yaryan Company. *Bank* v. *More,* 152 Ill. 528; *French* v. *Gapen,* 105 U. S. 509; *Bahe* v. *Jones,* 132 Ill. 134; *Krippendorf* v. *Hyde,* 110 U. S. 282.

If the bondholders loaned the $189,000 in question to the Evanston Yaryan Company they were chargeable with notice of the rates fixed by the ordinances then in force, under which, only, that company could operate in Evanston, and further, that the residents of Evanston were entitled to heat and light at rates made pursuant to those ordinances. And if they, with such notice, loaned too much money to the company, the fault was theirs, and residents of Evanston who made contracts with the Evanston Yaryan Company for heat and light pursuant to such rates should not suffer for the benefit of such bondholders, assuming, for argument's sake, that the $189,000 loan was a *bona fide* loan. Such rates established by ordinance create a superior equity in those entitled to such rates by contract to any claim under bonds subsequently issued, on the "debts of the income theory." *Fosdick* v. *Schall,* 99 U. S. 235; *Burnham* v. *Bowen,* 111 id. 776; 5 Thompson on Corp. secs. 7118, 7119; *Howe* v. *Harding,* 76 Tex. 17; *French* v. *Gapen,* 105 U. S. 509.

ISHAM, LINCOLN & BEALE, for appellees:

This appeal involves only the propriety of the order dismissing the intervening petition. In the petition the only substantial relief asked for was that the receiver be directed to carry out the petitioners' contracts until the further order of court. This relief the court had no right to grant. *Central Trust Co.* v. *Railway Co.* 51 Fed. Rep. 15; *Express Co.* v. *Railroad Co.* 99 U. S. 191; *Ellis* v. *Railroad Co.* 107 Mass. 1.

Appellants had no standing to intervene for the purpose of disputing the bill and blocking the foreclosure proceeding, because their petition shows they had no lien nor right of lien upon the mortgaged property. *Horn* v. *Water Co.* 13 Cal. 62; *Brown* v. *Saul,* 4 Martin, 434; *Renfro* v. *Goetter,* 78 Ala. 311; *Thompson* v. *Huron Lumber Co.* 4 Wash. 600; *Stout* v. *Lye,* 103 U. S. 66; *Louisville Trust Co.* v. *Railroad Co.* 84 Fed. Rep. 539; *Investment Co.* v. *Seaboard Manf. Co.* 74 id. 325.

The allegations and prayer of the petition were insufficient to justify the court in postponing or refusing foreclosure. *Trust Co.* v. *Green Bay Co.* 6 Fed. Rep. 100; *Toler* v. *Railway Co.* 67 id. 168; *County of Leavenworth* v. *Railway Co.* 25 id. 219; *Gunderson* v. *Bank,* 199 Ill. 422.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The only question presented for our decision by the assignment of errors is the ruling of the superior court in dismissing the petition and refusing to order the appellees to answer the same. No question is raised as to the decree of foreclosure and sale entered on March 21, 1903. If appellants had the claimed right of intervention, then the order of the superior court should be reversed, otherwise it must be affirmed. The controlling question in the case is, have the appellants shown, by their petition, such an interest in the foreclosure proceedings as will entitle them to become parties thereto? If no such right is shown, then all the questions

raised and discussed by counsel on their behalf become unimportant.

The right of intervention has been defined to be: "The admission, by leave of the court, of a person not an original party to pending legal proceedings, by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by such proceedings." (17 Am. & Eng. Ency. of Law,—2d ed.—180.) Some of the States have adopted statutes authorizing intervention under certain facts and circumstances, under which persons having an interest in the matters in litigation in the success of either party, or an interest against both, are allowed to intervene. Mere interest in the matter in litigation, under such statutes, warrants intervention in actions at law. We do not understand that those statutes affect the rights of parties in suits in equity, where the distinction between law and equity is maintained. We have no statute extending the rights of parties to intervene except in attachment cases where a stranger to the proceeding claims property attached. In this State, therefore, the right of intervention must be controlled by the general rules in equity as to the answer of the proper parties. "In equity no one is entitled to be made or become a party to the suit unless he has an interest in its object. But it is the usual practice to permit strangers to the litigation claiming an interest in the subject matter to intervene on their own behalf to assert the titles." (17 Am. & Eng. Ency. of Law,—2d ed.—183.) The rule in the United States courts is, that "persons who are not parties to a suit have no standing in court to enable them to file a petition in said suit. If they have any occasion to ask any relief in relation to the matters involved in said suit or to the proceedings therein they must file an original bill. * * * Strangers to a cause cannot be heard therein, either by petition or motion, except in certain cases arising from necessity, as where the pleadings contained scandal against a stranger, or where the strangers purchase the subject of litigation pending the

suit, and the like. * * * Creditors who are allowed to prove debts and persons belonging to the class on whose behalf a suit is brought are regarded *quasi* parties, and, of course, may have a standing in court." (*Anderson* v. *Jacksonville, etc. Railroad Co.* 2 Woods, 628; *Drake* v. *Goodridge*, 6 Blatchf. 151; *Shields* v. *Barrow*, 17 How. 130; *Page* v. *Holmes Burglar Alarm Tel. Pole*, 18 Blatchf. 618.) This court said in *Marsh* v. *Green*, 79 Ill. 385, speaking by the late Justice WALKER: "As we understand the modern practice, any person feeling that he has an interest in the litigation may apply to the court and be permitted to intervene and become a party and have his rights passed upon on the hearing, and the court will permit him to become such party on a proper showing. He would, of course, not be permitted to intermeddle when he had no substantial interest in the subject matter of the suit." And in *Shannahan* v. *Stevens*, 139 Ill. 428, Justice SCHOLFIELD, rendering the opinion, said: "Patrick Shannahan having the right to be made a party to the bill, necessarily retained the right to move the court to become such upon the record at any time while the record was within the control of the court,"—citing *Marsh* v. *Green, supra.*

From the foregoing text and decisions we understand the rule to be no more nor less than that parties having an interest in the subject matter of the suit in equity, and who are either necessary or proper parties to such suit, if not made so by the plaintiff, may come in by way of application to intervene and be made parties complainant or defendant, to the end that their interests may be adjudicated and protected.

It is difficult to see upon what principle it can be seriously contended that the appellants were either necessary or proper parties to the bill to foreclose. They do not pretend that they had any right, title or lien upon the mortgaged property. The sole ground of their claim of right to appear in that proceeding and prevent a decree of foreclosure is, that they

had certain contracts with the defendant company to furnish them heat and light, which contracts would be impaired by a decree of foreclosure. In other words, they were mere contract creditors of the corporation, and if they had the right to interfere in the foreclosure proceedings, then any other creditor of the corporation would have the same right, although his claim had not been reduced to judgment or otherwise made a lien upon the mortgaged property. Counsel says they were not mere contract creditors because their agreement with the company was to furnish heat and light, —that is, their contracts were with a service company. But how that fact can be given the effect of changing their relation to the company from that of mere contract creditors to parties having a lien or right to the subject matter of the foreclosure proceedings is not shown, nor are we able to discover any substantial reason or authority for the position. As said in *Marsh* v. *Green, supra,* they will not be permitted to intermeddle when they have no substantial interest in the subject matter of the suit; and as said in *Anderson* v. *Jacksonville, etc. Railroad Co. supra:* "If they have any occasion to ask any relief in relation to matters involved in said suit, or to the proceedings therein, they must file an original bill."

We entertain no doubt that under the general rule applicable to parties in chancery proceedings the court below ruled properly in dismissing the intervening petition. If we turn to the decisions rendered by the various courts in those jurisdictions in which statutes are in force authorizing intervention, we find that they hold, without exception, that the interest which will entitle a party to intervene must be an interest in the matter about which the litigation is to be, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment,—that is, the interest must be one created by a claim to the demand of property in suit, or some part thereof, or a lien upon the property, or some part thereof, which is the subject matter of litigation. (17 Am. & Eng.

Ency. of Law,—2d ed.—181.)   Thus, in *Hahn* v. *Volcano Water Co.* 13 Cal. 70, (73 Am. Dec. 569,) which was an action on a note and mortgage against the water company to which the defendant filed an answer of general denial, creditors of the company were admitted to intervene, alleging that the note and mortgage were executed in fraud of· their rights and were therefore void.   On the right of intervention, the court, by Field, J., said: "Petition of the creditor Rawle does not disclose any right on his part to intervene.   It shows that he was a simple contract creditor holding obligations against the company, but it does not show that any portion of them was secured by any lien upon the mortgaged premises.   The interest mentioned in the statute which entitles a person to intervene in a suit between other parties must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment."   In *Cassady* v. *Morgan,* 5 Mart. (N. S.) 500, *Pierre* v. *Masse,* 7 id. 196, and *Gastnet* v. *Johnson,* 1 La. Ann. 425, under a similar provision in the Louisiana code, the same doctrine is announced, and in the last case cited the court said: "This, we suppose, must be a direct interest, by which the intervening party is to obtain immediate gain or suffer loss by the judgment which may be rendered between the original parties, otherwise the strange anomaly would be introduced into our jurisprudence of suffering an accumulation of suits in all instances where doubts might be entertained or enter into the imagination of subsequent plaintiffs that the defendant against whom a previous action was under prosecution might not have property sufficient to discharge all his debts, for as the first judgment obtained might give a preference to the person who should obtain it, all subsequent suitors, down to the last, would have the indirect interest in defeating the action of the first."   In *Brown & Son* v. *Saul,* 4 Mart. (N. S.) 434, the court, construing the same statute, said: "But the interest here intended we

are of the opinion must be direct and closely connected with the object in dispute, founded on some right, claim or lien, either conventional or legal. It surely will not be contended that under this law, in every case where a creditor sues, his debtors all separately, or any one of the creditors of the same debtor, may intervene on a bare suggestion of insolvency." In *Dennis* v. *Spencer,* 51 Minn. 259, the question before the court being whether the appellant had the right to intervene and participate in the trial of an action, it was held: "The interest which entitles a party to intervene in an action between other parties must be in the matter in litigation in a suit as originally brought, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal effect of the judgment therein." See, also, *Mc-Clury* v. *State Bindery Co.* 3 S. Dak. 362; 44 Am. St. 799. The same doctrine has been held in Colorado, Iowa, Nebraska, New Mexico, Texas, and other States.

While, of course, these decisions are not directly in point, yet by analogy they sustain the rule announced in equity proceedings, and a summary of the limitations upon the rights of persons to intervene in actions to which they have been made parties is found in the American and English Encyclopedia of Law, (vol. 17, 2d ed. p. 185,) as follows: "The intervenor must take the suit as he finds it. He is bound by the record of the case at the time of his intervention. If he claims property in controversy, he can interfere only so far as is necessary to prove his right to it. He can not, under such circumstances, contest the plaintiff's claim against the defendant, or raise an issue as to the formality of the pleadings or the regularity of the procedure in the principal cause, nor can he plead exceptions having for their object the dismissal of the action. He cannot change the issue between the parties, nor raise a new one. He cannot insist upon a change in the form of procedure nor delay the trial of the action,"—and each of these several limitations is well supported by the authorities cited in the note. The

reason for thus qualifying the right to intervene rests upon the principle that parties to a suit have the right to proceed with it to final judgment or decree free from interference by others, and if parties desire to obstruct the litigation, except as qualified in the foregoing, they must do so by an original action.

We do not deem it important, in the foregoing view, to consider the question as to the right of the court to direct the receiver to carry out the contracts of the company with the appellants, but, as we understand, the court had no power to make such an order. *Central Trust Co.* v. *Marietta N. G. Railway Co.* 51 Fed. Rep. 15, citing *Express Co.* v. *Railway Co.* 99 U. S. 191. See, also, *Ellis* v. *Boston H. & E. Railroad Co.* 107 Mass. 1.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.* ·