No. 2499

Second Circuit

CHANDLER v. BURKHALTER
NATHAN RATCLIFF, INTERVENER

(April 5, 1929. Opinion and Decree.)
(May 8, 1929. Rehearing Refused.)

Hugh C. Fisher, of Shreveport, and Emmet Alpha, of New Orleans, attorneys for plaintiff, appellee.

Edward Barnett, of Shreveport, attorney for intervener, appellant.

WEBB, J. Plaintiff, W. C. Chandler, by authentic act, sold and transferred to defendant, H. G. Burkhalter, certain real estate, for an expressed cash consideration, receipt of which was acknowledged in the act of sale, and in the present suit to annul the sale on the ground that the price had not been paid, defendant failing to appear, a default was entered against him, but in the meantime Nathan Ratcliff filed an intervention in which he alleged that he had attached the property under a claim held by him against Burkhalter, and that by virute of the attachment he had obtained a privilege on the property, and he opposed the action of the plaintiff to annul the sale, praying that plaintiff's demands be rejected.

Plaintiff excepted that the petition of the intervener failed to state a cause of action, which was sustained and judgment rendered dismissing the intervention; and following, the default previously entered against the defendant was confirmed and judgment rendered in favor of the plaintiff and against defendant annulling the sale, and the intervener appeals from the ruling sustaining the exception of no cause of action and the judgment rendered thereon dismissing the intervention and also from the judgment annulling the sale.

While not expressly so stated, the basis of the intervention appears to be that the intervener had a privilege on the property

resulting from the attachment, and thus that he had the right to oppose the action of the plaintiff to annul the sale, and to interpose any defenses which could have been interposed by the defendant, as in his intervention he alleges that plaintiff's petition fails to state a cause of action in that the allegations contained in the petition were insufficient to admit parol proof of non-payment of the price, in view of the acknowledgment of the receipt of the price in the authentic act of sale, and the same basis is given for the right to appeal from the judgment annulling the sale, where it is urged that the judgment should be reversed on the ground that plaintiff's allegations were insufficient to admit proof, and that the evidence introduced should not have been considered.

Considering the exception to the intervention and the ruling and judgment thereon dismissing the intervention; it is conceded that, as a general rule, an intervener asserting a privilege on property cannot substitute himself for, or interpose any defenses personal to the defendant, and that he must pray for relief in accordance with the right asserted or for recognition of his asserted privilege (Clapp vs. Phelps, 19 La. Ann. 462, 92 Am. Dec. 545; Mayer vs. Stahr, 35 La. Ann. 59; Lincoln vs. N. O. Express Co., 45 La. Ann. 729, 12 So. 937; Gilkeson Sloss Comm'n Co. vs. Bond & Williams et al., 44 La. Ann. 841, 11 So. 220; Fleming vs. Shields, 21 La. Ann. 118, 99 Am. Dec. 719; Lee vs. Bradlee, 8 Mart. (O. S.) 55); and considering that the intervener claimed only a privilege on the property, he did not have the right to substitute himself for the defendant or to oppose the suit of plaintiff on grounds personal to defendant, and having failed to pray for recognition of his alleged privilege, the exception of no cause of action was properly sustained, and the judgment rendered thereon dismissing the intervention is affirmed.

Relative to the appeal from the judgment annulling the sale, we do not understand that counsel contends that appellant is in a more favorable position than defendant would have been had he appealed, nor is it contended that the judgment annulling the sale exceeded the relief specifically demanded; and although it is apparently urged that under the provisions of article 2237 of the Civil Code, which declares that:

"The acknowledgment of payment, made in an authentic act, cannot be contested, under pretense of the exception of non numerata pecunia, which is hereby abolished."

the court was prohibited from considering other proof of the non-payment of the price than written evidence or its equivalent, yet it is conceded and well recognized that parol evidence is admissible to show that the price, acknowledged to have been received in the act, was not in fact paid, where it is alleged that the acknowledgment of the receipt of the price was made in error, and in the last analysis the sole contention is that parol evidence is not admissible under the pleadings.

Thus it is apparent that had the defendant answered and been present at the trial and elected to permit the introduction of parol evidence, the court would have been bound to consider it, and if it was established that the price was not in fact paid, to have rendered judgment accordingly; but it is contended that as the defendant did not answer and was not present at the trial, the pleadings must be closely analyzed and strictly construed against the plaintiff, and that if it does not clearly appear that parol evidence was admissible under the pleadings, the judgment should be reversed.

However, we are of the opinion that where the question of the insufficiency of the pleadings is raised for the first time on appeal, the allegations should be liberally construed, and it being conceded that plaintiff did allege that it was understood that the price would be paid in cash but that defendant had given checks in payment of the price, with the assurance that funds would be available to pay the checks when presented, and that defendant had failed to provide funds to pay the checks, and that plaintiff had been unable to obtain payment of the checks either from the bank or by defendant, was sufficient to permit the introduction of parol evidence.

It must be conceded that one who gives a check in payment of the price of an object, where it was understood that the price was to be paid in cash at the time of delivery, impliedly, at least, represents that the check is drawn against funds on deposit, and where assurance is given that the check is against funds on deposit, when the drawer knew that he had not any such funds, there is a misrepresentation, without which it must reasonably be inferred that the object would not have been delivered, and while in the present instance the plaintiff's allegations are indefinite, in that it is not specifically alleged that defendant was guilty of fraud in giving the checks and thereby inducing plaintiff to acknowledge receipt of the price, it does not appear that defendant could have been unaware that plaintiff would offer to introduce evidence showing the circumstances under which he had obtained delivery of the property and acknowledgment of receipt of the price, from which fraud would be inferred, and that defendant could not, with such knowledge, wait until judgment had been rendered on default and on appeal urge that the allegations were too indefinite to admit of proof of the circumstances attending the acknowledgment.

The judgment annulling the sale is therefore affirmed.