E. LESSESNE, AS RECEIVER, ETC., Plaintiff and Appellant, *v.* PORTO RICO DRUG COMPANY RETAIL ET AL., Defendants and Appellees.

No. 4390. Argued June 10, 1929.—Decided July 16, 1929.

*J. H. Brown, C. Ruiz Nazario* and *G. E. González* for the appellant. *Feliú & La Costa and Monserrat & Monserrat* for the intervenors.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an appeal from an order giving permission to certain creditors to intervene in a suit pending before the District Court of San Juan and also dissolving an attachment. The complaint necessary to give the court jurisdiction over the parties and the subject matter was omitted from the record. It would appear from the court's order that an attachment to secure the effectiveness of the judgment was made. The transcript of the record does not show, save by deduction, the nature of the said attachment. The motions to intervene, it is true, tend to show that a certain credit

was attached, but the exact nature of this credit or the exact nature of the lien acquired does not appear from the record proper. Having certain doubts whether we had a sufficient record before us, we ordered a public hearing thereon. The appellant then insisted that the court had a sufficient record before it. At the suggestion of the writer counsel for the appellant said he would bring in proper copies of the supposed lacking parts of the record if the court required or requested it. The whole court is of the opinion that in a civil suit the court should not request or require the appellant to bring up additional papers.

Although the majority of this court think otherwise, Mr. Justice Texidor and the writer are of the opinion that the case should be dismissed for lack of a sufficient record. In general the said dissenting judges think that the matters to show the jurisdiction of the court below should appear positively from the judgment roll. Similarly that it should appear therefrom that the court acquired jurisdiction over the thing attached, the alleged credit. It was while the writer was wondering over the nature of the lien alleged to be acquired that he looked to see what the attachment papers were and found nothing. Similarly thereafter the query arose whether the plaintiff was a simple contract creditor or what not. The whole principal proceedings might show something to justify the action of the court in dissolving the attachment. It is true that in his brief the appellant says that he is a simple contract creditor, but that essential fact does not appear from the record proper. The appellant in his brief over and over again maintains that the alleged intervenors have no right in his suit against the defendant, except perhaps by acquiring a lien over the fund. In other words, that the appellant had a private controversy with the defendant, yet except by general assumption the case between the original parties is not shown. Not even the identity of the plaintiff clearly appears. The whole record might reveal the lack of jurisdiction or the lack of a cause of action in the

plaintiff. It is idle to enter further into the reasons for the rule because we have what the above dissenting judges think is a mandatory statute on the subject. Section 299 of the Code of Civil Procedure as amended by Act No. 81 of 1919 requires the judgment roll to be certified up in all cases. If there is a transcript of the evidence the said transcript may accompany the said judgment roll. In all other cases, so says the section, the judgment roll should come up as a whole, of course with the evidence incorporated therein. The judgment roll is defined in section 233 of the Code of Civil Procedure and necessarily includes the missing pleadings or proceedings. All these considerations might have been avoided if, as suggested by the writer at the hearing, the appellant, although maintaining his position, had asked permission to file a copy of the complaint and a copy of the order of attachment.

The majority of the court think that the jurisdiction of the lower court may be assumed and that under the facts and circumstances to be developed in this opinion we have sufficient record before us. Nevertheless as the case is subject to appeal the court will grant the plaintiff and appellant permission to add to the record the judgment roll as made in the court below, if he is so advised.

The court having accepted jurisdiction, the above dissenting judges, as in other cases (see *Domínguez* v. *Fabián,* 35 P.R.R. 288, and 36 P.R.R. 30), will take part in the final disposition of the case.

The principal insistence of the appellant is that the appellees had no right to intervene. The facts to be gathered from the record (and for this in the main we have followed the brief of the appellant) are as follows: That in the instance of the plaintiff-appellant an attachment to secure the effectiveness of the judgment was issued by the District Court of San Juan; that the attachment ran against a credit owing to the defendant, a corporation, and that the said credit was in the possession of the said defendant. The

appellees by motion asked permission to intervene and at the same time asked that the attachment be dissolved. The theory of the motions to intervene was that the defendant, a corporation, was in liquidation and that under the law of corporations in force in Porto Rico all the property of the said corporation constituted a trust in favor of the creditors. The court decided both questions in favor of the appellees and dissolved the attachment. The appellant had filed an opposition in which he denies most of the important averments of the motions. The facts given in evidence to the court below were brought up by stipulation, approved by the court and was expressly intended to take the place of a statement of the case.

The appellees proved that they were common creditors of the defendant. The most important proof from the standpoint of the appellees was a certificate from the Executive Secretary of Porto Rico showing the unanimous consent of the stockholders for a dissolution of the defendant corporation. A due notice was sent out by the liquidators to all creditors to present their claims. On the other hand, it was shown that no judicial proceeding was ever commenced looking to a dissolution of the corporation.

We agree with the appellant that the appellees did not show any right to intervene in this private suit between the plaintiff and the defendant. By the attachment as accepted by the district court and this court the plaintiff would ordinarily have acquired a lien on the property of the defendant. The appellees, without showing any lien-right, attempt to come into this private suit by mere motion. They do not show that they have any judgment or any lien acquired by any judicial proceeding or even that they have by contract or otherwise any preferential right to the alleged fund in question. Under section 72 of the Code of Civil Procedure a party to intervene must have an interest in the matter in litigation. This ordinarily means an interest in the subject matter of the suit itself. The writer draws attention to the

importance of the words "matter in litigation" for the purposes of his previous dissent. The attachment is not the matter in litigation. Other means like *"tercerias"* are given creditors by the law if they want to claim a preferential right over property attached. Pertinent citations are: *Brown* v. *Saul,* 4 Mart. N. S. 434, 16 A. D. 175; *Lee et al.* v. *Bradlee,* 8 Mart. 55; California Jurisprudence, vol. 3, p. 549; 20 Id. 517 & 520; *First National Bank* v. *Clark,* L.R.A. 1916C, 633; 20 R.C.L. 685 *et seq.; Wightman* v. *Evanston Yaryan Co.,* 217 Ill. 371, 75 N. E. 502, 108 A.S.R. 258, 3 Ann. Cas. 1089, and other cases in the brief of the appellant. There was a quotation from *Smith* v. *Gale,* of the U. S. Supreme Court, 36 L. Ed. 521, but no reference made to the official edition. Emphasis is to be laid on the fact that the appellees attempted to assert their claim by mere motion. The appellees showed no sufficient interest.

To the writer greater importance attaches to the fact that the intervenors have no right over the property by reason of any corporation law. In a race of diligence the plaintiff attached the property first. Barring the bankruptcy law, the alleged corporation law or the like, this attachment gave the said creditor a lien and all the advantages that the law gives. The intervenors were mere simple contract creditors having acquired no lien or right in their favor unless it came from the law of corporations. Let us examine it.

Section 26 of "An Act to establish a law of private corporations," approved March 9, 1911, Comp. 1911, page 98, provides that after the holding of certain prescribed meetings of the board of directors and of the stockholders of a corporation, and the publication of certain notices:

"If at any such meeting two-thirds in interest of all stockholders shall consent that a dissolution shall take place and shall signify their consent in writing, such consent, together with a list of the names and residences of the director and officers certified by the president and secretary or treasurer, shall be filed in the office of the Secretary of Porto Rico, who, on being satisfied by due proof

that the requirements have been complied with, shall issue a certificate that such consent has been filed, and the board of directors shall cause such certificate to be published four weeks successively, at least once a week, in a newspaper published in the Island of Porto Rico, and upon filing in the office of the Secretary of Porto Rico of an affidavit that said certificate has been so published, the corporation shall be dissolved and the board of directors shall proceed to liquidate the business and affairs of such corporation. Whenever all the stockholders shall consent in writing to a dissolution, no meeting or notice thereof shall be necessary, and the Secretary of Porto Rico shall forthwith issue a certificate of dissolution on filing such consent in his office, which certificate shall be published as above provided."

Sections 27 to 31 inclusive are as follows:

"Sec. 27. Corporate Existence Pending Dissolution.—All corporations, whether they expire through the limitation contained in the articles of incorporation or are annulled by the Legislature, or otherwise dissolved, shall be continued as bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital; but not for the purpose of continuing the business for which they were established.

"Sec. 28. Directors as Trustees Pending Dissolution.—Upon the dissolution in any manner of a corporation, the directors shall be the trustees pending the liquidation, with full power to settle the affairs, collect the outstanding debts, sell and convey the moneys and other properties among the stockholders after paying its debts, so far as such moneys and property shall suffice. They shall have power to meet and act under the by-laws of the corporation and under regulations to be made by a majority of the said trustees to prescribe the terms and conditions of the sale of such property, or may sell all or any part for cash or partly on credit or take mortgages for part of the purchase price for all or any part of the said property.

"Sec. 29. Powers and Liabilities of Trustees in Liquidation.— The directors constituted trustees as aforesaid shall have power to sue for and recover the aforesaid debts and property by the name of the corporation and shall be suable by the same name, or in their own names or individual capacities for the debts owing by such corporation, and shall be jointly and severally responsible for such

debts to the amount of the money and property of the corporation which shall come to their hands or possession as such trustees.

"Sec. 30. Judicial Appointment of Liquidators.—When any corporation shall be dissolved in any manner whatever, the district court having jurisdiction of the place where its principal office in the Island of Porto Rico is situated, on application of any creditor or stockholder, may at any time either continue the directors as trustees as aforesaid, or appoint one or more persons to be liquidators of such corporation to take charge of the assets and effects thereof, to collect the debts and property due and belonging to the corporation, with power to prosecute and defend in the name of the corporation, or otherwise, all suits necessary or appropriate for the purposes aforesaid or to appoint an agent or agents under them, or to do other acts that might be done by such corporation if in being that may be necessary for the final settlement of its unfinished business, and the powers of such trustees or receivers may be continued so long as the courts shall think necessary for such purpose.

"Sec. 31. Distribution of Assets by Trustees or Liquidators.—The said trustees or liquidators shall pay ratably, so far as its assets shall enable them, all the creditors for the corporation who prove their debts in the manner directed by the court or by the law of civil procedure. If any balance remain after the payment of such debts and necessary expense, the same shall be distributed among the stockholders."

We find nothing in these sections that give the general creditors of a dissolved corporation a lien or right over the assets of a corporation as against the lien acquired at the instance of a particular creditor. There is nothing in the Act which tends to destroy the right of a general creditor to attach the goods or property of a defendant corporation unless it be the words of section 31 which presuppose a court proceeding. It is beyond dispute that no court proceeding took place in this case.

In the bankruptcy law the title of the property is placed in a trustee and his title dates back to the initiation of the proceeding or something similar. The point is that the title to the goods is taken away from the bankrupt. Similarly in creditors suits in the United States where certain equitable assets are attempted to be reached by a particular creditor,

the courts insist upon an equitable or pro rata distribution among intervening creditors. In an assignment for benefit of creditors a similar transfer of the title takes place.

If the corporation act showed in any way an intention to create a fund for the benefit of creditors, we should not think a judicial proceeding was necessary for a ratable distribution. On the other hand, when there is nothing in the law to create such a fund for the benefit of creditors the only way to create it is by a court proceeding as suggested by section 31.

Section 28 of the Act does not create such a fund. It merely continues the liquidators in the place of the corporation. It must always be remembered that there is no presumption of insolvency. The duty of the liquidators is to pay debts. It is true that the words of the state are "so far as such moneys and property shall suffice." These words, however, are entirely consistent with partial payments as assets are collected and do not exclude the right to pay a particular creditor in preference to another. It should also be remembered that the existence of a particular claim may be denied and a creditor be put to suit. We have the idea that under such circumstances a creditor has the right to sue the corporation rather than its liquidators. In any event, should a creditor with a claim be bound to inquire whether any voluntary dissolution has taken place? We think not, and under the circumstances the only adequate way is the intervention of a court.

As we have intimated before, when the debtor is a corporation, we find nothing that would subject a general creditor to any different right or procedure than he could take in the case of any other debtor.

The order appealed from should be reversed leaving the attachment for the present intact and the case should be sent back to the District Court of San Juan for further proceedings not inconsistent with this opinion.

Mr. Justice Hutchison dissented.